UNITED STATES FIDELITY AND GUARANTY COMPANY v.
F. N. FOSSATI ET AL.

No. 1298. Decided April 18, 1904.

**1.—Principal and Surety—Parties—Action Over by Guarantees.**

In a suit by the State against a tax collector and his bondsmen for the amount of taxes collected and not paid over, in which he is not charged with criminal conduct, but only with default, the bondsmen can not plead over against and make a party to the suit a guaranty company which has given to them a bond of indemnity against loss by "any act of fraud or dishonesty amounting to larceny or embezzlement" on the part of the collector, the issue arising in such case being different in character from that asserted by the State. (Pp. 501-505.)

**2.—Same—Cases Distinguished.**

Skipwith v. Hurt, 94 Texas, 322; Philadelphia Underwriters v. Fort Worth & D. C. Ry. Co., 31 Texas Civ. App., 104; City of San Antonio v.

Smith, 94 Texas, 266, which rest on defendant's right of subrogation, and Legg v. McNeill, 2 Texas, 427; Garrett v. Gaines, 6 Texas, 435; Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 465; Hancock v. Dimon, 17 Texas, 370,—warrantors of title,—and Cabell v. Hamilton-Brown Shoe Co., 81 Texas, 104; Stevens v. Wolf, 77 Texas, 215, cases of indemnitors bound by the judgment on notice of the proceeding, distinguished from the present case. Holloway v. Blum, 60 Texas, 625, and Blum v. Root and Dow, 2 App. Civ. Cas. (Willson), discussed. (Pp. 504, 505.)

### 3.—Removal of Causes.

Right of removal of severable controversy by one joined in a suit with parties having no right to remove considered but not decided. (Pp. 505, 506.)

Questions certified from the Court of Civil Appeals for the Third District, in appeal from Travis County.

*A. B. Peticolas* and *Hunt & Myer,* for appellant.—The United States Fidelity and Guaranty Company, being a foreign corporation organized under the laws of the State of Maryland, and a citizen of said State, and the cross-action being a case involving an amount in excess of $2000, and the said cross-action of F. N. Fossati et al. against the fidelity company, being a distinct, different and separable controversy and cause of action from that of the State of Texas v. W. R. Callender et al., the court below should have granted the petition for removal to the Circuit Court of the United States for the Western District of Texas. Suit by State can not be removed: O'Connor v. State, 71 S. W. Rep., 410; State v. Day Land and Cattle Co., 49 Fed. Rep., 593. Cases removable: Texas & P. Ry. Co. v. Davis, 93 Texas, 389; U. S. Stats., March 3, 1887; 20 Enc. Law, old ed., p. 982; Barney v. Latham, 103 U. S., 205-216; Frasier v. Jennison, 106 U. S., 193; Texas Transp. Co. v. Seeligson, 122 U. S., 519; Meyer v. Delaware R. R. Const. Co., 100 U. S., 457; Geer v. Mathieson Alkali Works, 190 U. S., 428; Connell v. Smiley, 156 U. S., 335; Ayres v. Wiswall, 112 U. S., 193; Home Ins. Co. v. Morse, 20 Wall., 445; Nat. Steamship Co. v. Tugman, 106 U. S., 118; 20 Am. and Eng. Enc. Law, 982-990.

When a suit is brought by the State against a defaulting tax collector and his sureties, and no other parties are either necessary or proper parties to said suit, and there is no privity between the State and another party sought to be brought in by defendants in a cross-action, and when the evidence admissible against the original defendants in the State's case is inadmissible as against the party brought in by the cross-action, and the main suit is on an account liquidated in amount, and shown by the Comptroller's account against the tax collector, and no allegation is made in the petition by the State of any personal dishonesty of the tax collector, but the cross-action is for a criminal tort, and for unliquidated damages, uncertain in amount, and recovery in the cross-action can only be had upon proof of criminal dishonesty on the part of the tax collector—under such circumstances, the two suits can not be joined and prosecuted to judgment as one suit. Misjoinder: Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 465; Frost v. Frost, 45 Texas, 324; Hays v. Perkins, 22 Texas Civ. App., 198; Williams v. Rob-

inson, 63 Texas, 582; Thomas v. Chapman, 62 Texas, 197; Mexican Natl. Const. Co. v. Meddledge, 75 Texas, 636.

The defendants F. N. Fossati et al. had no cause of action until they had suffered or incurred damages in a suit involving the personal dishonesty of Callender, and their petition not showing any actual damage, or losses, or expenses incurred or suffered by them, it shows no cause of action against this defendant, and the suit was prematurely brought. American Bonding and T. Co. v. Logansport and W. Va. Gas Co., 95 Fed. Rep., 49; Monongahela Coal Co. v. Fidelity and Deposit Co., 94 Fed. Rep., 732; Frost on Guaranty Insurance, sec. 212. Alabama: Taliaferro v. Brown, 11 Ala., 708; Lane v. Westmoreland, 79 Ala., 374. California: Stone v. Hammell, 83 Cal., 547; Estate of Hills, 67 Cal., 243. Illinois: Resseter v. Waterman, 151 Ill., 177. Indiana: Covey v. Neff, 63 Ind., 392; Stearns v. Irwin, 62 Ind., 558. Kansas: Abelles v. Cohen, 8 Kan., 180. Massachusetts: Valentine v. Wheeler, 122 Mass., 568. Minnesota: Weller v. Eames, 15 Minn., 461. Mississippi: Hay v. Buckner, Freeman (Miss.), 533. Missouri: Huse v. Ames, 104 Mo., 92; Hearne v. Keith, 63 Mo., 84. New York: Maloney v. Nelson, 39 N. E., 82; Churchill v. Hunt, 3 Denio, 327.

Before the sureties on Callender's bond can recover of their independent guarantor or indemnitor, the United States Fidelity and Guaranty Company, they must by their pleadings bring themselves within the condition of the bond issued to them by the fidelity company. Monongahela Coal Co. v. Fidelity and Deposit Co., 94 Fed. Rep., p. 736; Lane v. Westmoreland, 79 Ala., 374; Hay v. Buckner, Freeman (Miss.), 533.

*Saml. B. Dabney* and *Gregory & Batts,* for appellees.—The application to remove to the Federal court was vitally defective and can not be considered because it was not to remove the whole suit but only the dependable action over against the guaranty company brought by Fossati et al.

The action against the guaranty company not being separate, but dependable upon the action brought by the State against Callender and ourselves, it was not removable into the Federal court, and our right of recovery against the guaranty company being contingent upon the State recovering against us, and the company having agreed to indemnify us "against all costs, losses, damages, and expenses," this inseparable, ancillary, and contingent controversy could not be removed into the Federal court upon the ground of the diverse citizenship of the guaranty company. The proposition is sustained by the following and other authorities: Merchants C. C. and S. Co. v. Insurance Co. of N. A., 151 U. S., 368; Shainwald v. Lewis, 108 U. S., 158; Torrence v. Shedd, 144 U. S., 527; 24 Statutes at Large of U. S., 553; 25 Statutes at Large, 434; Hebert v. Lefevre, 31 La. Ann., 363; Davis v. Montgomery, 36 La. Ann., 874.

In its support the following argument is made. Some propositions are stated that are elementary, but which are necessary links in the argu-

ment: (1) A case can not be removed, into the Federal court on account of diverse citizenship between plaintiffs and defendants, unless all of the defendants are nonresidents of the State. If one defendant be not a necessary party, but merely a proper party, and a citizen of the State, the cause can not be removed unless it be separable as to him, the expressions in the old cases as to the necessity of being a party are to be disregarded. Barney v. Latham, 13 Otto, 205. (2) If, however, one of the several defendants is not a citizen of the State and the cause of action is, as to him, a separate one from the cause of action against the other defendants, then the case is removable. The test as to what is or is not a separate action is this: Could the case between the plaintiff and the nonresident party have been tried and carried to final judgment, without the presence of the resident defendant? If it could the action is separable; if it could not, the action is not separable. Barney v. Latham, 13 Otto, 205. (3) Under the Act of 1856 a nonresident defendant, having a separable contest, could remove this particular contest, and the suit as to the other defendants could remain in the State court; but this being found very inconvenient, it was provided by the Act of 1875, as construed, that the removal of such separable contests should take the whole case into the Federal court, but of course the application must be to remove the whole case. Barney v. Latham, 13 Otto, 205. The Acts of 1887 and 1888, being the last acts, make no change in this regard. They both provide that: "When, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in said controversy may remove said suit into the Circuit Court of the United States." Sec. 2f, Act 1888, 25 Statutes at Large of U. S., 866; Gould and Tucker's Notes on Rev. Stats. of U. S., vol. 1, p. 125; compare Act of 1875, 18 Statutes at Large, part 3, page 470. From the above we deduce these propositions: (a) When all of the defendants are nonresidents the case may be removed. (b) But when one or more of the defendants are residents of the State the case can not be removed, although the other defendants are nonresidents, and although they are not necessary, but merely proper parties, and although the resident defendants are not necessary but were proper parties. (c) Unless there be a nonresident defendant with whom there is a separable controversy, then the whole case is removable along with the separable controversy; for under the present law, the case in all its branches must be removed, if removed at all. (d) And a separable controversy is such a one as would be actionable and capable of proceeding to final judgment against the nonresident defendant at the time the removal is sought without making the other persons parties at all who are properly parties to the different branches of the case in the State court.

Did the trial court err in overruling the special demurrer interposed by the fidelity and guaranty company, as above stated, to the cross-action of the sureties on Callender's bond against it? It was no misjoinder for

us to sue the guaranty company when the State sued us.    Philadelphia Underwriters v. Fort Worth & D. C. Ry. Co., 71 S. W. Rep., 419; Skipwith v. Hurt, 94 Texas, 333; 2 Sutherland on Dam., p. 603, ed. of 1884; 2 Story's Equity, secs. 730, 850; Champion v. Brown, 6 John. Ch., 405, 406, 10 Am. Dec., 343; Gilbert v. Wiman, and note thereto in 49 Am. Dec., 363; Conkey v. Hopkins, 17 Johns., 112.

This action was not prematurely brought, and our plea over did allege damages within the bond given to us, accrued and to accrue.    Same authorities.

The persons sued as sureties on Callender's bond did in their plea over against the guaranty company bring their action within the terms of the bond and did directly allege that any money due and unpaid to the State had been fraudulently misappropriated and embezzled by Callender.    Illies v. Fitzgerald, 11 Texas, 429; Browne v. French, 3 Texas Civ. App., 451; Kansas City M. & B. Ry. Co. v. Southern R. N. Co., 151 Mo., 373, 74 Am. St. Rep., 545; Freeman on Judgm., sec. 181; 16 Am. and Eng. Ency. of Law, new ed., 180; Skipwith v. Hurt, 94 Texas, 323; Story Equity, secs. 850, 849, 730; Champion v. Brown, 6 Johns., 407; Conkey v. Hopkins, 17 Johns., 113; Michigan State Bank v. Hastings, 41 Am. Dec., 563; Rockfeller v. Donnelly, 8 Cow., 628; Chace v. Hinman, 8 Wend., 452; 24 Am. Dec., 42 and notes; 2 Suth. on Dam., 603, 606, 610, 611; Ripley v. Moseley, 57 Me., 76; Pope v. Hays, 19 Texas, 375; Kellogg v. Muller, 68 Texas, 186; Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 465.

WILLIAMS, Associate Justice.—Certified questions from the Court of Civil Appeals of the Third Supreme Judicial District, as follows:

"This suit was originally brought by the State as plaintiff, against W. R. Callender, as principal, and F. N. Fossati, O. F. Bailey, J. M. Brownson, Joe Noll, G. H. Hauschild, G. Miller, H. Krehmeier and Mrs. Albert Simon, as sureties on the bond of Callender, as sheriff and tax collector of Victoria County, Texas.    The amount sued for is the sum of $12,843.85, with interest at 6 per cent from October 23, 1902.

"The suit of the State is predicated upon article 2310 of the Revised Statutes; or, in other words, its action is one based upon an account rendered by the Comptroller, showing the amount of indebtedness due the State for taxes unpaid by Callender and the sureties on his bond. The State in its petition did not charge Callender with theft or embezzlement of the taxes due by him and his sureties to the State; nor was any remedy urged by the State against the appellant, the United States Fidelity and Guaranty Company; nor were any facts alleged that would make the appellant liable to the State on its guaranty and indemnity bond, executed by it to the sureties of Callender.

"The sureties of Callender, in their first amended original answer, filed January 22, 1903, made the appellant, the United States Fidelity and Guaranty Company, a party defendant to the suit, and in a cross action against the appellant alleged that the fidelity and guaranty com-

pany is a corporation not created by the laws of this State, but having its home office in the city of Baltimore in the State of Maryland, and was authorized to do business in this State. That the appellant, the fidelity and guaranty company, on or about the 10th day of December, 1900, executed its guaranty and indemnity bond in favor of the sureties on Callender's collector's bond for the sum of $32,504.65, to be paid to the obligees. The condition of the obligation and bond is to the effect that if the United States Fidelity and Guaranty Company shall indemnify and save harmless the obligees aforesaid, from all costs, losses, damages and expenses which they may incur or suffer by reason of any act or fraud or dishonesty amounting to larceny or embezzlement on the part of the said W. R. Callender, in connection with the duties of said office, and which shall have been committed during the period from December 10, 1900, to December 10, 1901, then this obligation to be void, otherwise to be in full force and effect.

"It was in effect averred by the sureties in their answer that the sum sued for by the State was covered by this bond, and that the same was due the sureties by virtue of the terms of the bond from the United States Fidelity and Guaranty Company, in the event the State should recover against the sureties.

"It appears that Callender and the sureties, all the parties sued by the State, are residents of the State of Texas, and that the appellant, the fidelity and guaranty company, is a corporation created under the laws of Maryland, and is domiciled in the city of Baltimore, State of Maryland.

"The State recovered judgment against Callender and the appellees, the sureties on his bond, as prayed for in its petition; and the sureties recovered judgment over against the fidelity and guaranty company for the sum of $12,843.85 and $1500 attorney's fees and $180 costs, together with interest.

"At the proper time, and in the proper manner and form as required by law, the guaranty company presented to the trial court its petition and bond for the removal of the suit against it into the Circuit Court of the United States for the Western District of Texas, which application and request was overruled and denied by the trial court. The action of the court in refusing to remove the case against the appellant is assigned as error by the fidelity and guaranty company. The fidelity and guaranty company also has assignments of error in its brief, in proper form, complaining of the action of the trial court in overruling its special demurrer, which is as follows:

" 'Because the two cases sought to be tried together, by the action of the sureties in calling in this defendant by their cross-action, are distinct and severable causes of action, the case made by the State being a simple suit in debt on an account for the shortage against W. R. Callender, in which the sureties are made defendants on their bond to the State in which they undertake that Callender shall pay to the State the money he received, while the suit by the sureties against this defend--

ant is a suit upon an indemnity bond, in which this defendant only guarantees against costs, losses, damages and expenses which the sureties may suffer by reason of any act of fraud or dishonesty of the said Callender, amounting to larceny or embezzlement, and before the sureties shall have any right of recovery against this defendant, they are required to show crime committed by W. R. Callender, a question which must be decided under different rules of evidence from those governing the admissibility of evidence in the case brought by the State against the sureties. The cause of action in both cases does not arise out of the same act, nor is there any community of liability between the defendants in both suits.'

"In view of the above statement, the Court of Civil Appeals of the Third District certifies to the Supreme Court the following questions:

"1. Was the cause of action against the fidelity and guaranty company by the sureties on Callender's bond removable to the Circuit Court of the United States for the Western District of Texas, and did the trial court err in declining and refusing to remove the case against the fidelity and guaranty company?

"2. Did the trial court err in overruling the special demurrer interposed by the fidelity and guaranty company, as above stated, to the cross-action of the sureties on Callender's bond against it?"

An answer to the second question will suffice to dispose of the case.

In the case of Holloway v. Blum, 50 Texas, 625, there was presented a question very similar to that now before us. Holloway had retired from a partnership of which he had been a member under a contract with the Blums by which the latter had agreed to release Holloway "from any judgment or judgments that then existed or that might thereafter be obtained against the firm, as well as from their entire indebtedness, and would guaranty him entire immunity against any and all creditors of said firm." Afterwards Holloway was sued with his former copartners for one of the debts and pleaded over against the Blums in order to recover against them such amount as plaintiff might recover against him. The Blums pleaded their privilege of being sued in the county of their residence, and, in sustaining a judgment dismissing them, this court, in effect, decided that they were not proper parties.

In the case of Blum v. Root & Dow, 2 App. Civ. Cas., 98, the same question, arising upon the same contract, was passed upon by the Court of Appeals, which held that the plea to the venue was good, although the Blums were proper parties and could have been held but for that objection.

The contract here involved is not nearly so favorable to the right asserted by the original parties defendant to bring in other parties and recover over against them, as was the one in question in those cases. There, the liability of the parties brought in would have resulted, as matter of law, from the establishment of plaintiff's demand against Holloway upon the mere production of the written contract alleged. Here, the facts necessary to a judgment in favor of the State are essen-

tially different from those upon which would depend the liability of appellant to the original defendants. Under the conditions of the bond sued upon by the State it could recover in its action upon mere proof that the collector had received its funds and had not paid over or accounted for them. The question whether or not there had been "any act or fraud or dishonesty amounting to larceny or embezzlement on the part" of the collector not being in issue, liability would result from loss of the money in many ways without dishonesty. But the action over would depend entirely on the character of the misappropriation of the funds. In the trial of such an issue it would be necessary to inquire into the use or disposition made by the collector of the money that went into his hands, and as this money might have consisted of many different sums differently applied, distinct questions as to each might arise. By the bond given by appellant to appellees the reciprocal rights of the State and of the appellees were not at all affected, and no rights were given to the State against appellant, nor any to appellant against the State. The existence and enforcement of a cause of action by the State against appellees might or might not give to the latter a cause of action against appellant, and this is the only connection between the case of the State against appellees and theirs against appellant. We have found no decision of this court in which it has been held that a defendant, so situated, had the absolute right to bring in another defendant in order to try, along with the cause of action asserted against him, a different one depending on a different issue. It is true that the decisions upon the practice of allowing defendants to bring in other parties have been quite liberal, but none has gone so far as this. Those most relied on by appellees are the cases of Skipwith v. Hurt, 94 Texas, 322, and Philadelphia Underwriters v. Fort Worth & D. C. Ry. Co., 31 Texas Civ. App., 104, 71 S. W. Rep., 419. In each of those cases the plaintiff had a cause of action against the party impleaded by the defendant, to which cause of action the defendant was entitled to be subrogated, and the party impleaded was, in justice, primarily liable. The principle of those cases is analogous to that by which a surety when sued may, under proper circumstances, in the same action, have securities which the creditor holds of the principal subjected for his protection. It might apply here if the appellant were also liable to the State for this debt, especially if its liability were primary to that of appellees. The same principle controlled the decision in City of San Antonio v. Smith, 94 Texas, 266, in which a passive wrongdoer was allowed to implead the active perpetrator of the wrong who was at the same time liable to the plaintiff and justly bound to protect the defendant. In the present case it is not claimed that there was any cause of action against the appellant in favor of the State, or that there was any cause of action against it at all except such as arose from its contract with appellees. It has long been the law that warrantors of the title to either real or personal property may, when their warrantees are sued for such property, either make themselves or be made parties, in order to defend the title which they have warranted; but

this is because of their peculiar relation to the issue to be tried. They have bound themselves to make good the very title which is in question, and a judgment against that title, where they have proper notice of the suit, binds them whether they are formally made parties or not. Legg v. McNeill, 2 Texas, 427, 428; Garrett v. Gaines, 6 Texas, 435; Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 465; Hancock v. Dimon, 17 Texas, 370. The same ruling has been made as to sureties on indemnity bonds given to sheriffs and other officers in order to induce them to make levies. In these cases the plaintiff in an action against an officer for such a levy has also the same cause of action against the indemnitors (Cabell v. Hamilton Brown Shoe Co., 81 Texas, 104; Stevens v. Wolf, 77 Texas, 215); and decisions made in these cases before the statute authorized this practice have to support them this reason, besides those that exist in cases of warrantors. The indemnitors, if they have notice of the suit, are bound to defend the action, or be bound by the judgment, whether parties or not. That is not true of the appellant in this case, because a judgment in favor of the State does not establish liability upon the bond relied on by appellees. In order to enforce in this case the right contended for by appellees it would be necessary to hold, without qualification, that in all cases where a judgment against a defendant might give rise to a cause of action in his favor against another he is entitled, as a matter of right, to bring that other into the case. This court has never so held, but, on the contrary, in the early cases referred to, while laying down liberal rules as to the making of new parties, has always required the existence in such parties of some privity with or interest in the pending action. Burditt v. Glasscock, 25 Texas Supp., 45; Hurlock v. Reinhart, 41 Texas, 580; Eccles v. Hill, 13 Texas, 65, 66. Indeed, the existence of the right of a defendant in all cases to implead other parties who might become liable to him as a result of a judgment against him, regardless of other considerations, has been expressly negatived. Thomas v. Chapman, 62 Texas, 197; Frey v. Railway, supra; Coutlett v. United States Mort. Co., 60 S. W. Rep., 820.

What has been said of the bond on which appellees rely is sufficient to show that the objection to the introduction into this suit of the issues arising upon it is the same that exists in other cases of misjoinder, the complication of the action between plaintiff and defendant with another and different one between defendant and another party. The State has no concern with the appellant, nor the appellant with the State, and yet the case of each is complicated with the trial of that of the other. It is hardly necessary to add that in reaching the conclusions involved in the cases of Skipwith v. Hurt and Philadelphia Underwriters v. Railway, supra, this court overruled none of the other cases referred to. In reference to the cases of Holloway v. Blum and Blum v. Root & Dow, it is unnecessary to determine which expresses the true view of the question there presented. Neither of them conflicts with the conclusion reached in this case. The first unequivocally sustains that conclusion and goes much further. In holding that the privilege of the

Blums to be sued in the county of their residence could not be defeated by their joinder with defendants residing in the county where the action was brought, the Court of Civil Appeals announced a proposition which, if sound, would raise the question whether or not the right of the appellant to remove a cause, otherwise removable, could be defeated by joining it with one that could not be removed, but this it is unnecessary to pursue.

The affirmative answer, which we give, to the second question disposes of the certificate.