SPITZER et al. v. SMITH et al. (No. 1605.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 28, 1920. Rehearing Denied Feb. 18, 1920.)

1. VENDOR AND PURCHASER ☞279 — MAKER OF VENDOR'S LIEN NOTE IS NECESSARY PARTY TO SUIT TO FORECLOSE.

The maker of a vendor's lien note who had transferred the property was a necessary party to a suit to foreclose the lien, though he was a nonresident.

2. APPEAL AND ERROR ☞544(1)—RULINGS ON SUFFICIENCY OF PLEADINGS NOT SUBJECT TO GENERAL DEMURRER NOT REVIEWABLE WITHOUT STATEMENT OF FACTS OR FINDINGS OF FACT.

Rulings on the sufficiency of the pleadings other than those subject to a general demurrer, such as the overruling of special exceptions, are not reviewable in the absence of a statement of fact or findings of fact.

3. APPEAL AND ERROR ☞544(1)—MISJOINDER OF PARTIES AND CAUSES IS NOT REVIEWABLE WITHOUT STATEMENT OF FACTS OR FINDINGS OF FACT.

Misjoinder of defendants and causes of action is a matter properly raised by special exception to the pleadings, and not reviewable in the absence of a statement of facts or findings of fact.

4. ACTION ☞50(1)—MISJOINDER OF PARTIES AND CAUSES OF ACTION IS LARGELY IN DISCRETION OF TRIAL JUDGE.

The question of misjoinder of parties and causes of action is a matter largely within the discretion of the trial judge.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Action by A. B. Smith against C. Y. McDonald, to which various other persons were made parties. From a judgment in favor of plaintiff and certain defendants the defendants William Spitzer and others appeal. Reversed and remanded.

J. N. Browning and L. C. Barrett, both of Amarillo, and W. T. Link, of Clarendon, for appellants.

A. T. Cole, of Clarendon, and E. A. Simpson, of Amarillo, for appellees.

HALL, J. We adopt from appellants' brief the following statement of the nature and result of the suit:

This is an action brought in the district court of Donley county, December 24, 1918, by appellee Smith against C. Y. McDonald. Plaintiff alleged, in substance, that on October 6, 1917, he was the owner of lot 9 and the east half of lot 8, in block 143, and on said date sold and conveyed the same to one Dan Spitzer for a consideration part cash, part in the assumption of a debt existing against the property and the execution of a vendor's lien note for $375, expressly retaining a vendor's lien to secure its payment; that the note was past-due and unpaid at the institution of suit thereon, etc.; that Dan Spitzer conveyed said premises to J. Q. Sewell, who in turn conveyed the same to defendant McDonald, who was at the time of the institution of this suit in possession of and claiming the property, but who refused to pay the note; that Dan Spitzer is a nonresident of the state, residing in Colorado, and personal judgment cannot be entered against him; wherefore he was not a party to the suit. The prayer is for citation against McDonald, for judgment foreclosing the vendor's lien as of the date of the sale, and that out of the proceeds of sale plaintiff be paid his debt, etc., and any remainder over be paid to McDonald. McDonald answered in vacation, by general demurrer, general denial, and specially, that he purchased the property from J. Q. Sewell, March 29, 1918.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

paying him $1,500 cash therefor, taking a general warranty deed from Sewell and wife without notice of plaintiff's lien. He vouched in Sewell on his warranty, and prayed that should the property be held liable for his debt then that he have judgment against Sewell for the same. Sewell filed his original cross-action and complaint containing general denial, and specially answered that no consideration passed for his warranty of title to McDonald; that in a barter and trade between them he, Sewell, exchanged his interest in the premises, together with a certain bond for title, for McDonald's interest in a drug business in Clarendon; that the bond and deed were placed in the bank at Clarendon, with directions to deliver the same to McDonald.

The bond was executed by Dan Spitzer, from whom Sewell bought the premises, binding Spitzer to clear the premises of all incumbrances not later than January 1, 1919, and to furnish Sewell, or his heirs and assigns, an abstract of title showing the same to be clear of all liens, conditioned upon default to pay Sewell, his heirs and assigns, the sum of $1,400 as liquidated damages. The bond was signed by William Spitzer and Will Lyon as sureties.

They further allege that Dan Spitzer failed to comply with his obligation to clear the title to the premises and that McDonald is entitled to judgment over against the sureties that may be recovered against said premises on account of plaintiff's suit. He prayed that if McDonald recover against him that he, Sewell, recover against said sureties. He further alleged that G. W. Autrobus also holds a vendor's lien upon said premises to secure payment of a note for $750, dated December 19, 1916, executed by plaintiff and payable to the order of J. K. Porter, December 1, 1918, with 10 per cent. interest; that said note is now owned by Autrobus; that the sureties reside in Donley county, and because of the complete breach of all the conditions in said bond they are liable to him, Sewell, for $1,400 according to its terms. The prayer is for liquidated damages named in the bond; that, in the event the court should be of opinion that he is not at this time entitled to recover the face of the bond, he have judgment over against the sureties for any and all sums that may be recovered of him by McDonald. William Spitzer and Lyon, in their first amended answer, pleaded specially that the suit against them had been prematurely brought, and a failure on Sewell's part to comply with the terms of his contract with Dan Spitzer to convey him certain lots in Clarendon, waiver of the obligations contained in the bond for title, and a new contract between. Sewell and Dan Spitzer, by which said defendants, as sureties, were in law released from all liability.

By amended answer defendant McDonald pleaded in reply to the answer of Sewell, in substance, the same as in his original answer, and specially over against the sureties on the bond for title, alleging that at the time he took the warranty deed from Sewell that Sewell delivered over to him as additional security the said bond for title; that if the plaintiff's note is a valid lien and is foreclosed upon the property the bond would be breached and the sureties liable to him in the amount thereof; praying that if plaintiff recovers and forecloses his lien upon the land that he have judgment against Spitzer and Lyon for the amount of the bond or for whatever sum plaintiff takes judgment against the land. He alleges his failure to pray for judgment against Dan Spitzer, because he is a resident of Colorado and notoriously insolvent. McDonald also filed two trial amendments; the first being a special denial to the facts set up in Sewell's answer and cross-action, alleging the loss of the original bond for title. In the second trial amendment he alleges that, when he took the deed and bond for title from Sewell, G. W. Autrobus held a note for $750 against the land, signed by A. B. Smith, payable to J. K. Porter, who had assigned it to Autrobus, but that he did not assume the payment of same, though it is a valid incumbrance against the property, and in order to protect the property he has been forced to guarantee payment thereof and has paid $113 thereon; that said note in fact evidences the superior title to the property in question; wherefore the bond has been again breached; and that the sureties are liable to him for the amount paid and for which he is bound to pay; and prayed for judgment against the sureties accordingly.

By first supplemental answer the sureties pleaded general denial of McDonald's answer and cross-action, set up general and special exceptions, alleging, in substance, that if McDonald purchased and had assigned to him the alleged bond for title he bought it subject to all the equities and defenses that the sureties had against Sewell and Dan Spitzer at the time of such purchase and transfer, and prayed that all their defenses set up in their first amended answer be considered as their reply to and defense against McDonald. By trial amendment McDonald denied Sewell's allegation to the effect that a mistake was made in giving him a warranty deed to the property in question and that he never agreed to accept any title bond for said property, and alleged that he expressly demanded of Sewell a warranty deed and would not have accepted anything less.

The case was tried by the court without a jury and judgment was rendered in favor of plaintiff Smith, foreclosing his vendor's lien against the premises as against defendant

McDonald, and in favor of McDonald over against Sewell on his warranty for $1,429.15, the same to run jointly and severally in behalf of said McDonald against the sureties, William Spitzer and Lyon, not to exceed $1,400. Judgment is further rendered in favor of Sewell over against the sureties for any sums he may be required to pay McDonald, not exceeding $1,400. From this judgment Spitzer and Lyon appeal.

[1] Under the first assignment of error the proposition is urged that the plaintiff cannot legally maintain the suit because Dan Spitzer, the maker of the note, is the only person liable thereon and has not been made a party; and under the second assignment the proposition is urged that because Dan Spitzer is the only one personally liable on the note and a nonresident of the state the lien cannot be foreclosed under McDonald's pleadings without Dan Spitzer being made a party. It has frequently been held in this state that the maker of a vendor's lien note, who has transferred the property, is a necessary party to a suit to foreclose the lien. In Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166, Willie, C. J., held that an action to foreclose a vendor's lien on real estate is similar in principle to an equitable foreclosure, and that the same rule as to parties applies to both proceedings, and that the only necessary parties to the foreclosure of a mortgage or vendor's lien are the parties to the original contract and those occupying the property or claiming some interest therein subsequent to the original contract. In Black v. Black, 62 Tex. 296, West, A. J., said:

"In cases of this character for the foreclosure of a deed of trust, or a mortgage, or a vendor's lien, or like claim on real estate, it has been repeatedly held by this court that persons holding the relation to the subject-matter in controversy sustained by appellee [the wife of the purchaser] and her husband in this suit are, in the very nature of things, necessary parties to the foreclosure suit and the decree there rendered. Beck v. Tarrant, 61 Tex. 404; Slaughter v. Owens, 60 Tex. 671, 672; Davis v. Rankin, 50 Tex. 279; Schmeltz v. Garey, 49 Tex. 49; Lockhart v. Ward, 45 Tex. 227. There are many more authorities of our court to the same effect."

See, also, Breed v. Higginbotham Bros., 141 S. W. 164; G., C. & S. F. Ry. v. Blount, 136 S. W. 566.

Dan Spitzer being a necessary party, the petition is subject to general demurrer which shows that fact and does not seek to make him a party. These assignments must therefore be sustained, and require a reversal of the judgment.

[2] It is urged under the third assignment that the court erred in overruling appellant's general demurrer to Sewell's cross-action and complaint, because it was shown that Sewell had parted with all his interest in the bond for title before this suit was instituted. We find neither statement of facts nor findings of fact in the record. That being the case, we are not able to pass upon assignments based upon the ruling of the court upon the sufficiency of the pleadings other than those which are subject to a general demurrer. If the assignment from Sewell to McDonald is such as to render Sewell liable to McDonald, he would probably be entitled to recover over against the sureties on the bond. Since the record seems to indicate that the bond was executed and transferred from Spitzer to Sewell as additional guaranty of title, if Sewell assigned the bond to McDonald for the same purpose, and as additional security to his covenant of warranty, we incline to the opinion that, under proper pleadings, if McDonald should recover against Sewell, the latter would be entitled to recover in turn against the sureties.

The fourth and fifth assignments, being based upon the action of the court in overruling special exceptions, cannot, as stated, be considered, in the absence of a statement of facts or findings of fact. C., R. I. & G. Ry. Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800; Hines v. Sparks, 146 S. W. 289.

[3, 4] Appellant suggests fundamental error in that portion of the judgment in favor of McDonald against the sureties on the bond for title because there is a misjoinder of defendants and causes of action. This is a matter which should be properly raised by special exception to the pleadings, and comes within the rule just stated. A statement of facts or findings of fact by the court might have shown that there was no misjoinder, or, if one, it had been waived. The question of misjoinder of parties and causes of action is a matter largely within the discretion of the trial judge, and we incline to the opinion that the record before us does not show an abuse of his discretion in ruling on the several demurrers. The act of McDonald and Sewell in interpleading their warrantors and indemnitors on the bond, in so far as it amounts to a misjoinder, it occurs to us, is a question which Smith alone could properly raise. Since the matter is not before us in such condition that we can authoritatively pass upon it, in view of another trial we refer counsel and the court to the following cases and authorities cited therein, bearing upon the question: Closner & Sprague v. Acker, 200 S. W. 421; Adams v. First National Bank, 178 S. W. 993; United States Fidelity & Guaranty Co. v. Fossati, 97 Tex. 497, 80 S. W. 74.

For the reasons stated in disposing of the first and second assignments, the judgment is reversed and the cause remanded.