470

CITY OF WACO, TEX., v. UNITED STATES
FIDELITY & GUARANTY CO. et al.
No. 7045.

Circuit Court of Appeals, Fifth Circuit.
March 22, 1935.

See, also (C. C. A.) 67 F.(2d) 785.

John McGlasson, of Waco, Tex., for appellant.

W. W. Naman, of Waco, Tex., and Chas. I. Francis, of Houston, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, of which this controversy is a part, has, in its progress into and out of the federal court, presented a series of anomalous situations. First. Its removal into the federal court upon the ground of a separable controversy on the petition of the United States Fidelity & Guaranty Company, defendant in what is called the city's cross-action. The anomaly here is in the claim that this so-called cross-action, ancillary and incident to and any judgment on it dependent on and following the judgment in the main suit, presents a separable controversy. Second. The action of the trial court in embodying in a single decree three orders, which, though apparently consistent on their face, produced inconsistent results. These orders were: (a) An order overruling plaintiff's motion to remand on the ground that the city's cross-action against the surety company presented a separable controversy, and the suit was not remandable; (b) an order dismissing the city's cross-complaint against the surety company on the plaintiff's motion of misjoinder; and (c) an order remanding the cause upon the ground that "upon dismissal as above ordered, there is no diversity of citizenship in the cause of the plaintiffs against the original defendants." Third. The ex parte character of the appearances. On the city's appeal from the order dismissing its cross-action, no brief was filed, no appearance entered by any of the other parties. The surety company, not the city, however, filed a motion for rehearing, complaining of our action in dismissing the appeal, while the city, no one appearing for the respondent, applied for certiorari. When the case was first before us, we thought [1] that since a removal on the ground of a separable controversy removes not that controversy, but the whole suit into the District Court, and a remand, except where the controversies are "separate rather than separable," [2] sends the whole case back, the result of the remanding order was to send the whole suit back to the state court in the condition it was in when it left there. We thought the order remanding necessarily nullified and made ineffective, for want of jurisdiction, [3] the other orders in the same decree, refusing the remand and dismissing the impleader of the surety company on which the removal was effected, and that the state court would proceed in the case as though it had not been removed, just as it does when the removal, though actually effected, is not proper. Iowa C. R. Co. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591. It now seems we were in error in this.[4] And so we come to the fourth anomaly, the situation created by the decree and the appeal from it, and our action dismissing the appeal.

As we understand the opinion of the Supreme Court, the decree as a whole, and the

---

[1] City of Waco v. U. S. F. & G. Co. (C. C. A.) 67 F.(2d) 785.

[2] Tillman v. Russo Asiatic Bank (C. C. A.) 51 F.(2d) 1023, 80 A. L. R. 1368.

[3] Floody v. Chicago, St. Paul, M. & O. R. Co., 104 Minn. 132, 116 N. W. 111.

[4] City of Waco v. U. S. F. & G. Co., 293 U. S. 140, 55 S. Ct. 6, 79 L. Ed. —.

city's appeal from that part of it dismissing the impleader effected a provisional dismemberment, a kind of suspended detailing of the suit, sending plaintiff's cause of action back to the state court, and the city's voucher of the surety company into a kind of limbo, to remain there until it should be determined on appeal whether it had been rightly severed from the suit. If so, the severance stands, and the severed portions were not, they may not be, reunited in the state court. If not, the order of severance is ineffective, and the suit is without further order, back in the state court as it was when removed.

We think it plain that in first overruling the motion to remand, because of the presence of the surety company, next dismissing it from the suit, and then remanding the cause, the District Judge fell into the error of trying to reconcile the conflicting claims of the surety company, that its vouching in made the suit removable, and of plaintiff, that the surety's joinder could not be permitted, because it prejudiced his suit. Urged by the surety that a defendant in a cross-action, where, as here, there is the required diversity, has a right to remove,[5] and by the plaintiff that, though ordinarily a defendant sued as the city was, may, under the liberal practice prevailing in Texas, bring in a third party,[6] this may not be done where prejudice results,[7] he first sustained the surety's position, by denying the remand, and then the plaintiff's, by dismissing the surety out, and remanding.

He erred in dismissing the surety from the cause, for the claim the city made against it was so joined to, so dependent on, and so completely determined by the evidence in and the result of that suit, as to bring it strictly within the joinder rule in Texas.

He erred, too, in the first order refusing to remand.

Whether a true cross-bill against a single defendant not a citizen of the same state with cross-plaintiff, and not a party to or connected with the main suit, would be removable at all, either as a separable controversy, taking the whole suit into the federal court, or as a separate one, taking only the cross-action,[8] we need not determine, for the city's monition to the surety is not such an action. Indeed, strictly speaking, it is no action at all. It is an "action over," a warning claim, a stand by and defend notice. In it the city alleges that by contract with it the fidelity company as surety, "agreed and bound itself to hold the City harmless from any claim growing out of or connected with any act of the defendants Combs and Glade, as set out in plaintiff's petition." In this situation the city's claim against the surety is no more than a vouching in, no more than a formal notice of the pendency of the suit and a warning that it expects the company to be bound by the result of the trial. Lake County v. Massachusetts Bonding & Ins. Co. (C. C. A.) 75 F.(2d) 6; G., H. & S. A. Ry. v. Hall, Note 7, supra. If, however, this impleading be considered an action, it would not be any more removable, for filed in the suit in which the resident contractors, by whose acts it had agreed to be bound, were already parties, it was in effect a joint impleading of resident contractors and nonresident surety. Centerville State Bank v. National Surety Co. (C. C. A.) 37 F.(2d) 338; Lake v. Texas News Co. (D. C.) 51 F.(2d) 862, 863; Uden v. Great Northern Const. Co. (D. C.) 1 F.(2d) 743; City of Seattle v. Beer's Bldg. Co. (D. C.) 242 F. 988; Columbia Digger Co. v. Rector (D. C.) 215 F. 618.

The order appealed from is reversed.

---

[5] Habermel v. Mong (C. C. A.) 31 F.(2d) 822, 67 A. L. R. 216.

[6] National Surety Co. v. Atascosa Ice, Light & Water Co. (Tex. Com. App.) 273 S. W. 821; Labor Bank & Trust Co. v. Adams (Tex. Civ. App.) 23 S.W.(2d) 814.

[7] U. S. F. & G. Co. v. Fossati, 97 Tex. 497, 80 S. W. 74; cf. G., H. & S. A. Ry. v. Hall (C. C A.) 70 F.(2d) 608.

[8] Habermel's Case, note 5, supra; G., H. & S. A. Ry. v. Hall, note 7, supra.