Franklin,
January,
1833.

## Daniel Foster *vs.* Eli N. Johnson.

That, where five sureties of an insolvent principal confess a joint judgment, and execution issues, and four are committed to prison, and give separate bonds to the keeper of the jail, and then procure the property of the fifth to be sold to satisfy the original execution. He has his action against each one to recover a fifth part of the amount paid.

That in the above case one of the four, thus committed and liberated on bonds, is a competent witness for the plaintiff against another, who is defendant.

That the plaintiff need not give notice and make demand before the commencement of his action, when the defendant caused the measures, which compelled the plaintiff to pay the money, which he now seeks to recover back.

This was an action of assumpsit, which comes up from the County Court by a bill of exceptions, too prolix to be published. The plaintiff obtained a verdict, and the defendant excepted to the decisions and charge. The facts, in substance, were these. The plaintiff and defendant and three others signed a note, as sureties for one Isaac N. Foster, to the Bank, at St. Albans, for $250. Said Isaac N. soon became wholly insolvent, and the debt rested on his sureties only. They confessed a joint judgement for the amount, and execution issued. The defendant and the other three were committed to prison, and gave separate bonds to the jailor; and then procured the Execution to be levied upon the personal property of the plaintiff; and the same was sold at auction to satisfy the execution and the Sheriff's fees for the levy. The plaintiff brought this action against the defendant to recover, and did recover, one fifth part of the amount, including said levying fees. It further appears, that the prison bonds were retained by the counsel for the Bank, for no other purpose but as security for the commitment fees, therein charged. On the trial, Samuel H. Barlow, who had given one of those prison bonds, was produced as a witness for the plaintiff, and was objected to on the ground of interest, but was admitted.

There was no proof of any particular notice from the plaintiff to the defendant, or special demand by the plaintiff, before the commencement of the action.

The defendant contended, and requested the Court to charge, that, without proof of a more direct notice to the defendant, or a demand made upon him for contribution,

Franklin,
January,
1833.

Foster
vs.
Johnson.

he action was not supported; and also, that the plaintiff was not entitled to recover for any part of the officers fees on said execution. But the Court refused so to charge, and instructed the jury, that if they found from the evidence, the foregoing facts, (reciting them) they would find for the plaintiff to recover an aliquot portion, according to the number of sureties, that is one fifth part of the whole sum paid by the plaintiff, including said fees paid by him.

*Argument for the defendant.*—1st. When there are more than two sureties, an action at law cannot be sustained by one surety, who has paid a part of the whole of the debt against his co-surety, to compel a contribution. In such a case the only remedy is in Chancery. *Collins* vs. *Prosser*, 16 C. L. R. 146.

2nd. At all events this action cannot be sustained without proof of notice to the defendant of payment by the plaintiff to the creditor, and a demand upon the defendant for a contribution.

Common report is not sufficient notice to the defendant. Saund. P. & E. 2 vol. 160; 2 Saund. R. 62 a.

3rd. As the defendant was alone liable to the creditor for the committing fees in the execution against him, the instruction of the Court to the jury, that the plaintiff was entitled to recover of the defendant one fifth of the officers fees paid by him, was incorrect.

*Argument for the plaintiff.*—1st. It is contended, that the verdict in this case has placed beyond doubt the facts, that Isaac N. Foster is insolvent, that the note in question was executed for the sole benefit of Isaac N. Foster and that the other signers were co-sureties with the plaintiff.

2nd. It is difficult to see in what way Barlows interest would be affected in this suit. He would be neither a gainer or loser by the event. All the plaintiff claimed of the defendant was one fifth part of the amount of the note, and one fifth of the officers fees on the execution. The defendant, Johnson, could not call on Barlow for any part of this sum, if they were co-sureties. Hence Barlow must pay one fifth part, and Johnson one fifth; and in this case,

Franklin,
January,
1833.

Foster
vs.
Johnson.

if Barlows interest was to be questioned, he was swearing against it; therefore there can be no objection to Barlow as a witness, if called by the plaintiff. *Leavenworth* vs. *Pope*, 6 Pick. R. 419; 1 Strange, 35, *Lockart* vs. *Graham.*

3rd. It is contended, that it was not necessary that Foster should notify Johnson of the payment of the money.— Foster and Johnson were co-sureties on the note. Johnson was bound to pay one fifth part of the note. This was his debt. The plaintiff's paying the whole sum, did not create the debt; but the fifth part, that the plaintiff did pay had become the debt of Johnson, and, upon the payment of the money by the plaintiff, the law raised an assumpsit in the defendant to the plaintiff, as having been paid by the latter for his the defendants use, and at his implied request. The doctrine as established in the books is, that a legal obligation is sufficient ground of an implied promise. Wherever there is a promise, then most clearly it is not necessary to alledge, and prove notice. Laws Plead 305; 17 Mass. Rep. 464, *Bachelder* vs. *Fisk*; 1 East. Rep. 217, *Birkly* vs. *Presgrove*; Cowper Rep. 290.

4th. If the defendants promise be made to depend on the performance of any particular act to be performed by the plaintiff to a third person, it is not necessary to aver, or prove, notice to the defendant of the performance of such act, for he is bound to take notice of it at his peril. Laws Plead. 178; do. 180 & 1.

5th. This was a compulsory payment; and when the plaintiff in consequence of the default of the defendant, has been compelled to pay money which the defendant ought to have paid, the defendant's consent is implied, and consequently no notice is necessary. Stark. Ev. 102, Exallv. Partridge, 8, T. R. 309.

6th. Where it is necessary, that notice should be proved it is necessary, that it should be alledged. But the authorities are clear, that, indebitatus assumpsit will lie for contribution. No notice is ever alledged in indebitatus assumpsit, it is not necessary to prove notice. Swifts Dig. 698, Com. Dig. Pleading C. 74; 17 Mass. Rep. 464.

7th. The case shows, that the defendant had notice of

FRANKLIN,
January,
1833.

Foster
vs.
Johnson.

the payment of the money. The defendant contends, that there must be proof of a personal demand. That was not necessary. All the law required was, that Foster should not make Johnson his debtor without his knowledge and consent. In this case, Johnson not only had knowledge of the payment after the money was paid, but he ordered the officer to seize, post, and sell, the property of the plaintiff, on the execution. This alone must certainly have been sufficient notice to the defendant. 16 Mass. Rep. 5, *Cooper* vs. *Mowry*, 16 Do. 161.

8th. It is contended, that the plaintiff can recover one fifth part of the officers fees on the execution of the defendant, being the reasonable expenses incurred, and much more so when he has been compelled to pay this sum by the act of the defendant. 17 Mass. Rep. 169, *Hayden* vs. *Cobot*; 2 Stark. Ev. 100.

HUTCHINSON, C. J. The Bill of exceptions, in this case, presents, among other things, the ordinary case of a surety paying money for an insolvent principal, and calling upon a co-surety to contribute his proportion of the money paid. But the defendant's counsel contend, that, there being more than two sureties, one has no remedy at law against another, but must resort to chancery. The case cited from the 16th of Com. law reports, to support this proposition, yields it no support. That was the case of a several bond, and not joint, nor joint and several. And the point decided was, that the breaking off the seal of one obligor, did not discharge the others.

The reason why one of three or more partners must seek an accounting in Chancery, does not exist here. In that case, nothing can be more uncertain than the sum to which each is entitled, until the accounts are adjusted.— Here the sum is as easily ascertained as in any common action of assumpsit. Indeed, it is a mere matter of computation. We have no doubt but that the action is well sustained by the facts stated in the exceptions. But an objection is raised to the competency of the witness by whom these facts were proved. The witness, Barlow, was one of the co-sureties who had given his separate bond to the jailor. We are unable to discover how his interest is

FRANKLIN,
January,
1833.

Foster
vs.
Johnson.

affected by any decision of this cause in favor of either party. The witness is liable for his fifth part, at all events.— And the defendant is liable for nothing more than his fifth part. The verdict is for nothing more, excepting what is to be noticed about the officers fees. If the plaintiff's recovering would relieve the witness from any portion of the liability, that would create an interest ; but the counsel have pointed out no way, in which any such effect would be produced. Another point relates to the plaintiff's having recovered one fifth part of the Sheriff's fees which the plaintiff in part paid, by sale of his property on execution. It is said the other debtors are liable for the fees of their commitment, and ought not to share the expense of the sale of the plaintiff's property. That part of the fees sometimes termed dollarage, or a percentage upon the amount of the execution, forms a joint debt against all the debtors ; and probably, the officers would not be entitled to charge this twice on the same execution. But as the debt is not paid by a commitment, the key fees of the jailor cannot be a proper charge against those not committed, unless immediate payment followed, which prevented further pursuit of those who were not committed. The fees paid by the plaintiff in this case, one fifth of which is included in the verdict, discharged all the debtors in the execution from liability to have the same cost ever arise against them on the same execution. It is fair to consider this payment of fees, like the payment of the judgement described in the execution, as made for the benefit of the whole. More especially is it fair in this case, as the other debtors, after suffering themselves to be committed, procured this proceeding against the plaintiff on the same execution, as a mode of relief to themselves.

The objection, which remains to be considered relates to the want of notice. And the case shows, that the plaintiff produced no evidence of his having called upon the defendant, and told him of this payment of the execution, and demanded a contribution. But he did produce evidence, that the four who were committed, were united in procuring this payment from the plaintiff by compulsory measures. It would be little less than mockery for the plaintiff to have gone to the defendant, and given him no-

tice of what he had himself been doing. Notice never need be given, or proved, of that which is equally in the knowledge of of both parties.

The judgment of the County Court is affirmed.

*Smalley & Adams*, for the defendant.

*Brown & Sheldon*, for the plaintiff.