## Wm. Rush v. W. C. Bishop.

(Case No. 4413–1438.)

1. Contribution — Parties — Venue.— Suit was brought by a surety on an administrator's bond, in which by its terms the obligation of the parties was made joint and several, against his co-sureties for contribution, alleging the death and insolvency of the administrator and the payment of the bond by plaintiff on judgment rendered. *Held*, that the suit could be maintained against all the co-sureties in any county in which either of them resided.

Error from Karnes. Tried below before the Hon. H. Clay Pleasants.

Bishop brought this suit against Rush and two others for contribution on an administrator's bond, upon which all were sureties, alleging the execution of the bond, death and insolvency of the principal. Suit and judgment against some of the sureties in the federal court, and the payment of the same by him; also admitted a payment to him by Burris, one of the sureties; prayed for an adjustment of the equities between the parties, and judgment accordingly. Allegation that Rush lived in Wise, and the other two sureties in Karnes county, where the suit was brought.

Rush alone answered. He specially excepted on the ground that the action was several and not joint, and that he should have been sued in Wise county. This exception was overruled, and, upon hearing, judgment was rendered in accordance with the prayer of the petition, and the overruling the exception of Rush was relied upon for a reversal.

*O'Neil, Crane & Donald*, for plaintiff in error.

*Lawhorn & Browne*, for defendant in error.

Watts, J. Com. App.— But one question is presented by the record' for determination, and that is, Was the plaintiff in error properly joined as a defendant in this suit? The statute provides that where there are two or more defendants residing in different counties, the suit may be brought in the county where either of the defendants resides. If, therefore, the several defendants could be joined in this case, then, undoubtedly, the suit was properly brought against all the defendants in Karnes county.

As was truly remarked by the court in Clegg v. Varnell, 18 Tex., 304, "The rule against multiplicity of suits has peculiar force in our system of procedure. Within reasonable limits it is the cardinal

principle as to joinder of parties and causes of action. Even juris-
dictions which are distinct and separate in other states are blended
in our system; and legal and equitable causes of action and grounds
of defense may be adjusted in a single controversy."

From the nature of the subject the joinder of parties and causes
of action must be left largely to the discretion of the trial court;
the exercise of which will not be revised unless a palpable abuse of
it is shown. De Gress v. Hubbard, Texas Law Journal.

In chancery practice all persons who might be affected by the
decree are proper, though they may not be necessary, parties to the
suit.

The doctrine at law is, that the undertaking which is to serve as
a foundation for an action for contribution must import a joint
liability. Prescott v. Perkins, 16 N. H., 305.

It is said in Parsons on Contracts, vol. 1, p. 36: "The right of
contribution exists against all who are sureties for the same debt,
although their primary liability depends upon different instruments."
And in Foster v. Johnson, 5 Vt., 60, it is held that an action for
contribution will lie as well where there are several sureties as
where there are only two.

It has been held that the payment of a note by the surety does
not, as between him and the principal, extinguish the note; and that
the surety's right of action against the principal was upon the note.
Tutt v. Thornton, 57 Tex., 36.

As a basis for contribution the defendant in error relies upon the
administrator's bond, which in the terms of the law is a joint obli-
gation. And, as the liability of the co-sureties for contribution
depends upon the terms and effect of the original undertaking, so it
seems that original undertaking should be considered in determin-
ing the question of joinder of parties.

It is alleged in this case that the principal on the bond died in-
solvent, and admitted payment of a certain amount by one of the
co-sureties. And an adjustment of the equities between the parties,
and judgment accordingly, is prayed for.

Under the circumstances of this case we are of the opinion that
the plaintiff in error was properly joined as a defendant in this case,
and that the court did not err in overruling his exceptions to the
petition.

Our report is that the judgment ought to be affirmed.

                                                        AFFIRMED.

[Opinion approved October 16, 1883.]