FT. WORTH HORSE & MULE CO. et al. v. SMITH et al.

(Court of Civil Appeals of Texas. Austin. June 12, 1912.)

1. VENUE (§ 22*)—RESIDENCE—NATURE OF ACTION—DIVESTING OF TITLE.
The owner of a horse brought trover against the person to whom he had loaned the horse and who had failed to return him, and defendant, who had been exhibiting the animal, impleaded third persons in whose stable the

animal had been burned to death, claiming that they had insured the horse and collected the insurance. *Held* that, as plaintiff by his form of action divested himself of title to the horse and vested it in defendant, he had no right of action against the third persons for the amount of insurance, and consequently his joining them, by an amended petition, with the defendant, would not deprive them of their privilege to be sued only in the county of their residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 1173*)—REVERSAL—PLEA OF PRIVILEGE.

Where plaintiff in an action for the conversion of a horse by an amended petition joined two persons against whom he had no right of action and who were privileged to be sued in another county, and recovered against all the defendants, the appellate court cannot, having found that the new defendants' plea of privilege was erroneously overruled, comply with the statute providing that, when a plea of privilege is sustained, the case shall be transferred to the proper court, but must affirm the judgment as to the original defendant, and reverse as to the others.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by R. N. Smith against C. A. Farquhar, who impleaded Roy Jackson and M. G. Whittington, partners as the Ft. Worth Horse & Mule Company. From a judgment for plaintiff, the last-named defendants appeal. Affirmed in part and reversed in part.

T. F. Lewis, for appellants. Blanks, Collins & Jackson, for appellees.

KEY, C. J. R. N. Smith instituted this suit in the county court of Tom Green county against C. A. Farquhar for $600, the value of a horse which he alleged he had loaned to Farquhar, and which had not been returned, but converted by Farquhar to his own use. The defendant Farquhar impleaded Roy Jackson and M. G. Whittington, a partnership doing business under the name of Ft. Worth Horse & Mule Company, alleging that he had borrowed the horse for the purpose of exhibiting him at a fat stock show at Ft. Worth, Tex., and had rented an apartment stall from the Ft. Worth Horse & Mule Company, and placed the horse therein, and that the building and horse were destroyed by fire. He also alleged that the Ft. Worth Horse & Mule Company had promised and taken out insurance on the horse, had collected the same and refused to pay it to him, and he asked judgment against the Ft. Worth Horse & Mule Company and Jackson and Whittington for the amount of such judgment as the plaintiff might recover against him. Hereafter in this opinion the defendants Jackson and Whittington and Ft. Worth Horse & Mule Company will all be designated as Ft. Worth Horse & Mule Company. In proper time and due order of pleading, the Ft. Worth Horse & Mule Company filed a plea of privilege to be sued in Tarrant county. Thereafter the plaintiff amended his petition, making the Ft. Worth Horse & Mule Company a party defendant, setting up the same cause of action against Farquhar that was set up in his original petition, and making the same averments that Farquhar did in reference to the horse's being placed in Ft. Worth, and the Ft. Worth Horse & Mule Company collecting insurance on the horse, and alleging that he, the plaintiff, was entitled to the amount of insurance so collected. Thereafter, and in due order of pleading, the Ft. Worth Horse & Mule Company again filed a plea of privilege in answer to the plaintiff's amended petition, which plea, as was the former plea of privilege, was in proper form, and showed that the Ft. Worth Horse & Mule Company was entitled to be sued in Tarrant county, unless the fact that the defendant C. A. Farquhar was a resident of Tom Green county conferred jurisdiction to sue that company in Tom Green county. The trial court overruled the plea of privilege, and rendered judgment for the plaintiff against the defendant Farquhar for $600, and against the Ft. Worth Horse & Mule Company and the defendants Roy Jackson and M. G. Whittington, composing that firm, for $200, and the latter have appealed.

[1] This court sustains the first assignment of error, which complains of the action of the court below in overruling the plea of privilege. The cause of action asserted by the plaintiff against the defendant Farquhar was separate and distinct from that asserted by Farquhar and by the plaintiff against the other defendants, and therefore they were neither necessary nor proper parties to the suit between the plaintiff and the defendant Farquhar; and, such being the case, and the other defendants not being residents of the county in which the suit was brought, but residents of Tarrant county, the plea of privilege should have been sustained. Holloway v. Blum, 60 Tex. 625. The plaintiff sued the defendant Farquhar for the value of a horse which he had borrowed and not returned, and, when he elected to pursue that remedy against Farquhar, he divested himself of title to the horse and vested such title in Farquhar; the rule being that in a suit to recover for the value of property alleged to have been unlawfully converted the plaintiff waives his right to claim the property, and, when he obtains judgment for its value, title to the property vests in the defendant who had converted it. Therefore, when the plaintiff recovered judgment against the defendant Farquhar, it would seem that he could have no cause of action which could be maintained in any court against the other defendants; but that Farquhar, if any one, would have the sole right to maintain the alleged cause of action

against the other defendants; and, as that cause of action was in no wise connected with, and altogether different from, the one asserted by the plaintiff against Farquhar, the latter had no right to implead the other defendants in the suit against him in Tom Green county.

[2] It is now provided by statute that, when a plea of privilege to be sued in another county is sustained, the case shall not be dismissed, but shall be transferred to the proper court within the county where the defendant resides, but in this case it is believed to be impracticable to comply with that statute. In the first place, no one is complaining of the judgment which the plaintiff recovered against the defendant Farquhar, and that judgment must be affirmed; and, such being the case, we do not think it would be proper to require the trial court to transfer to some other court in another county the pleadings upon which that judgment is based. In the second place, the pleadings in this case do not show how much insurance was collected on the horse referred to; and therefore neither this court nor the trial court can determine whether the case should be transferred to the county court or to some other court of Tarrant county.

As between the plaintiff Smith and the defendant Farquhar, the judgment appealed from is affirmed; but, as between the plaintiff and the other defendants, it is reversed, with instructions to sustain the plea of privilege and dismiss that part of the case.

Affirmed in part, and in part reversed, with instructions.