McCLURE v. PAIR.  (No. 1461.)

(Court of Civil Appeals of Texas. Amarillo. April 30, 1919. Rehearing Denied May 28, 1919.)

1. VENUE �köm22(1) — CHANGE OF — CROSS-ACTION.

Where cause of action involved in cross-action by one defendant against codefendants is severable from plaintiff's cause of action, codefendants are entitled to have venue, as to cross-action, changed to county of their residence, where main action was brought in county in which defendant bringing cross-action resided.

2. ABATEMENT AND REVIVAL ⊙⊸84—DILATORY PLEA—WAIVER.

Generally, when a defendant answers in bar before he presents his dilatory plea, he will be held to have waived his plea of privilege.

3. VENUE ⊙⊸32(2) — CHANGE OF — WAIVER — ANSWER.

Defendant, by answering to merits upon codefendant's cross-petition, submitted himself to court's jurisdiction and waived plea of privilege to be sued in county of his residence, notwithstanding dismissal as to plaintiff and misjoinder of plaintiff's cause of action with that of codefendant.

4. BROKERS ⊙⊸86(8)—REAL ESTATE TRANSACTION—AGREEMENT TO SPLIT COMMISSIONS—EVIDENCE.

Evidence *held* insufficient to show that real estate broker agreed to split his commissions with purchaser.

Appeal from Castro County Court; B. D. Woodlee, Judge.

Action by R. B. Braly against S. B. McClure, Z. G. Forgeson, and C. E. Pair, in which defendants McClure and Forgeson brought cross-petition against defendant Pair, and defendant Pair brought cross-action against defendants McClure and Forgeson. Dismissed as to plaintiff, and judgment discharging defendant Forgeson and for defendant Pair, upon his cross-petition against defendant McClure. Defendant McClure appeals. Reversed and rendered for defendant McClure.

B. Frank Buie, of Canyon, and Kimbrough, Underwood & Jackson, of Amarillo, for appellant.

Dennis Zimmermann, of Tulia, for appellee.

HUFF, C. J. One R. B. Braly originally instituted a suit in the county court of Castro county, against S. B. McClure and Z. G. Forgeson, both of whom it was alleged resided in Randall county, Tex., and also against C. E. Pair, who it is alleged resided in Castro county. The suit was to recover a commission of 50 cents per acre in effecting a sale by Braly to Pair of 980 acres of land, the commission aggregating $491.50. It in effect is alleged that Forgeson and McClure were partners in the sale of such land, and that Forgeson authorized Braly to sell the land at $12.50 net and authorized Braly to add 50 cents per acre to the price for his commission in making the sale; that he procured Pair as a purchaser at $13 per acre, but that McClure and Forgeson sold to Pair for $12.50 upon the agreement by Pair that he would pay Braly's commission of 50 cents per acre. Forgeson and McClure answered by general denial, and they also deny specially the relation of partnership. They set up

---

⊙⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

also that the land was listed with McClure by Mrs. Ward, and that he had no authority to sell the land for more than $12.50 per acre from said owner and upon which he was authorized to charge 5 per cent. commission and by way of cross-petition against Pair, their codefendant, they set up that he had agreed to satisfy Braly's demand for commission, and prayed for judgment over against Pair for any sum adjudged against them. Pair, by his cross-action against Forgeson and McClure, sought to recover one-half of the commission received from the owner of the land by McClure and Forgeson, which' amounted to $416, suing for one-half thereof, $208, and alleges:

"That prior to the said above-named date the defendant S. B. McClure agreed with this defendant to pay him one-half of any commission received on any land bought by said defendant Pair from said defendant McClure, and at the time this deal was made the said S. B. McClure agreed to divide said commission with said Pair, and that such agreement of the said McClure with said Pair was part of the consideration for this defendant Pair to make said deal, and that, relying on said agreement of the said McClure to divide said commission with him, he made and entered into the contract with Mrs. Ward."

McClure and Forgeson answered Pair's cross-petition by general denial and also denied the existence of partnership. It appears from the record after McClure and Forgeson answered the cross-petition of Pair that the plaintiff, Braly, took a nonsuit as to all parties defendant, and the cause of action set up by him was dismissed, leaving only the issue presented by McClure and Forgeson, and Pair, in their respective pleadings against each other. The defendants therein, and appellant here, McClure, then filed a plea of privilege to be sued in Randall county, the residence of the defendants McClure and Forgeson, alleging that in 10 minutes after they had answered Pair's cross-action Braly announced Pair and he had settled between themselves, and asked that his suit be dismissed. Also alleging that the action of Braly and Pair was a fraud on their rights to be sued in the county of their residence and was a legal fraud upon their rights and upon the court. The court overruled the plea. There is no statement of facts upon a hearing of the plea, and the grounds for doing so are not stated in the order. The case proceeded to trial before the court upon Pair's cross-action, and the court rendered judgment for him for the sum of $208, with interest against McClure alone, discharging Forgeson with his costs. McClure alone appeals from the judgment so rendered.

[1-3] The first assignment is that the court erred in overruling McClure and Forgeson's plea of privilege, and presents the propositions: (1) That legal fraud upon the juris-

diction of the court was perpetrated by the petition when the facts showed no cause of action against McClure; (2) legal fraud was committed because the plaintiff's demand was settled before defendant Pair filed his cross-petition, and such fact was fraudulently concealed from the court and McClure. If appellant, by his appearance, did not waive his plea of privilege when he filed it in the absence of a controverting plea, the court should have changed the venue under the statutes. The cause of action set up by Pair, in his cross-petition, was based upon an independent and separate contract from that declared on by Braly in his petition, and therefore clearly severable from Braly's cause of action. If appellant had pleaded his privilege to be sued in his county as to the appellant's cross-action, and such plea had been filed in due order, it should have been sustained and the venue changed. Ry. Co. v. Bogar, 169 S. W. 1097; Ft. Worth, etc., v. Smith, 149 S. W. 200; Moorhouse v. King, 139 S. W. 883. But appellant did not file his plea of privilege until after he had answered the appellee's cross-action by a general denial and a denial of partnership. It is the general rule that, when a defendant answers in bar before he presents his dilatory plea, he will be held to have waived his plea of privilege. By so answering appellant submitted himself to the jurisdiction of the court. Barclay v. Deyerle, 53 Tex. Civ. App. 236, 116 S. W. 123; Southern, etc., v. Pitluk, 26 Tex. Civ. App. 327, 63 S. W. 354; Fritter v. Pendleton, 134 S. W. 1186; Arnold v. Pike, 191 S. W. 207; Griffin v. Williams, 142 S. W. 981. We do not think the dismissal by Braly of his action affected the answer filed by appellant to appellee's cross-action. Closner v. Chapin, 168 S. W. 370. There was no actual fraud alleged or shown. In so far as the record shows all the parties were before the court, and while the causes of action were perhaps different and a misjoinder could have been urged, we do not believe that we would be justified in saying that it was such legal fraud as would authorize a change of the venue, especially after a plea calling upon the court to determine the merits of the questions involved.

The second assignment is to the effect that the court erred in rendering judgment for Pair because there was no evidence to support the judgment. The evidence establishes that Mrs. Ward was the owner of the land and had listed it with McClure for sale at $12.50 per acre; that McClure was a broker in Canyon, Randall county, and sufficiently shows he was to receive 5 per cent. commission on the purchase price of the land, upon sale. Forgeson was also a real estate broker in Canyon, and McClure agreed to divide commissions with him should Forgeson procure a purchaser for the land, and the evidence is that he did divide with Forgeson

when the sale was consummated. Braly was also a real estate broker, at Tulia, Swisher county, and he exchanged lists with Forgeson and was informed by Forgeson of his (Forgeson's) right to procure a purchaser for the ward land through McClure's agency, and informed Braly that the list price was $12.50 and, if he (Braly) sold it, that he would have to price the land at $13 per acre to obtain compensation for his services, and 50 cents over the list price would be his commission. Braly found Pair and showed him the land and priced it at $13 per acre, and Pair agreed to take it at that price and went with Braly to Canyon to see Forgeson; but before they found Forgeson Braly left town with the understanding that Pair should remain over until the next morning, which he did, and met Forgeson, and told him he had agreed with Braly to take the land at $13. Forgeson was in the act of leaving town, but told Pair McClure, who was the agent, would close up the matter with him. McClure was called in, and, when he was told the price agreed upon and the arrangements made by Forgeson and Braly as to Braly's commission, he informed Pair that he had no authority to sell the land except at $12.50 an acre, and that he would so draw the contract, and Pair could pay Braly the 50 cents and protect Braly. This Pair agreed to do in the presence of a witness. The contract was then drawn and signed by Pair for himself, and Mrs. Ward signed through her agent, McClure. As heretofore stated, Braly sued Forgeson, McClure, and Pair for the 50 cents per acre as his commission in Castro county, and Pair by cross-action sued Forgeson and McClure and alleged that they were partners and sued for one-half the commission paid them by Mrs. Ward, $416.

We have set out the cause of action as alleged. The evidence is conclusive that Forgeson and McClure were not partners, and the trial court so found. Pair testified that, about 20 or 30 days before he purchased the Ward land, he had a friend by the name of Alexander, who wanted a tract of 400 acres, which McClure had listed for sale, and that he took Alexander to McClure, who effected a sale, and that he (Pair) did not receive or demand a division of the commission on that sale because Alexander was his friend. When this sale was completed, he testified:

"McClure told me that if I brought him any more purchasers, or if I bought myself, he would split commissions with me. * * * I relied upon the agreement of McClure to split the commissions with me and considered in making the deal I would get that amount back."

On cross-examination he testified:

"I paid for the land, received my deed, and closed up the deal. There was nothing said between me and McClure at this time about his splitting commission with me. I never asked him for the commission at the time I bought the land. I never wrote him a letter asking him for it."

A Mr. Powell, who drafted the contract and who was called to witness Pair's agreement to settle with Braly, and also Forgeson and McClure, all testified that Pair said nothing about splitting commission with him, and also testified they never heard of such claim until the day of trial, when Pair filed his cross-action. McClure testified, on the day and after closing the Alexander deal "he told Pair that any time he brought him a purchaser direct he would split the commission with him, or if he would buy from him direct he would split the commission with him; that he had not brought a purchaser or bought direct from him; that the land was bought through Braley and Forgeson; and that he paid Forgeson one-half of the $416 which he received from Mrs. Ward, to wit, $208, and Pair had agreed to pay Braly." The trial court found that prior to the sale McClure agreed with Pair "to divide commissions with him on any sales made" to Pair. "The said agreement was relied upon by the said Pair and was considered by him as part of the consideration to be paid for said land."

[4] The testimony by Pair and all the witnesses is that there was nothing said about the alleged agreement for one-half of the commission as part of the consideration paid for the land, and no demand or claim was made by Pair for it at the time. The mere fact that Pair so considered it as a part of the consideration did not make an agreement to that effect. It takes at least two parties to make a contract. That part of Pair's cross-action is wholly without evidence to support it. The effect of Pair's testimony is that McClure agreed, if Pair brought him a purchaser or bought from him, he would pay a commission, and the contract as alleged by him is that—

"McClure agreed with this defendant to pay him one-half of any commissions received on any land bought by said defendant Pair from said defendant McClure."

He in effect alleges and testifies to a contract between himself and McClure establishing his right as a broker. If Forgeson had procured another purchaser instead of appellee, appellee could not have recovered because the facts established he was not the procuring cause. He did not bring himself to McClure, but he was brought by another broker, who had earned the commission for which appellee sues. Before he and McClure were brought together, the price which he was to pay was agreed upon, and it was by the efforts of Braly and Forgeson that the appellee was procured as a purchaser, and by their services they earned the commission which Forgeson agreed to accept, but for

which appellee here sues and which the court awarded him. As a broker, or under his broker's contract with McClure, he did not earn the commission. He was not entitled to the value of the services in procuring a purchaser. The evidence shows without controversy that he was told Forgeson was to receive the one-half of the 5 per cent. commission to be paid by Mrs. Ward. It is reasonably certain when he contracted with Braly to pay $13 per acre he did not know McClure was the agent for the land; not until Forgeson turned him over to McClure to close the deal up in writing does it appear that he learned this fact. The consideration which he agreed to pay is not shown in any way to have been induced by the fact that McClure was the agent or selling the land. Appellee cannot recover under the evidence on the ground that the commission was part of the consideration of the purchase price for the land, and he cannot recover on his brokerage contract for the value of services he never rendered. We think, under the contract alleged and the undisputed facts in this case, the court was in error in rendering judgment against McClure. It will be unnecessary to notice the other assignments.

The judgment will be reversed and rendered for McClure, and in all other respects affirmed.