## NATIONAL UNION FIRE INS. CO. v. LITTLEJOHN et al.   (No. 2345.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 11, 1921.  Rehearing Denied March 3, 1921.)

**1. Venue ⬅═22(1)—Nonresidents may not be sued in county of original action by cross-bill of defendant on independent cause of action.**

Rev. St. art. 1830, subd. 4, providing, as an exception to the rule that no one shall be sued out of the county of his domicile, that when there are several defendants residing in different counties suit may be brought in a county where one of them resides, does not allow persons who are nonresidents of the county in which action is brought, and who would not be even proper parties to the action, to be there sued by the original defendant by bringing them in by cross-bill on a contract of indemnity.

**2. Venue ⬅═41—Cross-action alone properly transferred on sustaining plea of privilege.**

Under Rev. St. art. 1832, providing that on plea of privilege being sustained the cause shall not be dismissed, but transferred to the county having jurisdiction of defendant's person, the plea being by defendants in cross-action brought in by cross-bill of original defendant on an original cause of action against them alone, the cross-action alone is properly transferred.

**3. Venue ⬅═79 — Statute as to transmitting original papers on transfer of cause, directory only.**

Rev. St. art. 1833, requiring the clerk to transmit the original papers to court to which venue is changed, is directory merely, and need not be strictly complied with where cross-action alone is transferred, and cross-bill and answer to original action is in the same paper.

Hodges, J., dissenting in part.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by E. P. Littlejohn against the National Union Fire Insurance Company, with cross-action by said Company against F. L. Martin and another. From an order transferring the cross-action to another county, said Company appeals. Affirmed.

The suit was filed by the appellee Littlejohn as plaintiff against the appellant insurance company in Harrison county. The petition alleges that the plaintiff resides in Harrison county; that the defendant is a foreign corporation having a local agent upon whom service could be had in Harrison county. The petition, properly construed, is one which sets up a contract entered into between the plaintiff and the defendant, and alleges a breach of that particular contract by the defendant. The amount sued for is alleged to be the damages sustained by the plaintiff as a result of that breach. After denying the material facts alleged in the plaintiff's petition, the insurance company upon other averments sought to have appellee Martin and Bonner, parties to an indemnity bond, made parties defendant in this suit. The prayer for relief was that, if the plaintiff recovered a judgment against it, the insurance company, the latter have a corresponding judgment over against the defendants Martin and Bonner. The alleged indemnity bond was given by appellee Martin as the local insurance agent of the insurance company "to faithfully and punctually pay over to said company all amounts due or that may become due to it from time to time for moneys collected or received by him for premiums on policies of insurance or renewals thereof, or for any account whatever." It is not alleged, and it does not appear, that such bond was an obligation of Martin and Bonner to pay such damages as the plaintiff Littlejohn should recover against the insurance company in the contract as plead by plaintiff Littlejohn. The appellees Martin and Bonner, after being cited, each appeared and filed separate pleas of privilege; Martin alleging that he resided in Jefferson county, and Bonner alleging that he resided in Angelina county. Each claimed the right to be sued in the cross-action of the insurance company in the county in which one of them resided. Each plea was in due form and verified as required by statute. The plaintiff made no reply to these pleas. The insurance company filed a controverting affidavit which alleged that Martin and Bonner were necessary parties to that controversy. As evidence of that fact the pleadings of the plaintiff and the defendant insurance company were referred to. The fact of nonresidence of Martin and Bonner in the county of Harrison was not disputed. The affidavit repeats, in substance, the facts stated in the cross-bill. It was agreed by the parties interested in the appeal that the issues raised upon the pleas of privilege and the facts stated in them and the controverting affidavit were true. Upon that agreement as to the facts the trial court entered an order as follows:

"It is therefore ordered by the court that this suit, in so far as it applied to F. L. Martin and W. H. Bonner, be transferred to the district court of Angelina county, Tex., and the clerk of this court shall immediately make out a correct transcript of all the orders in this cause, certifying thereto officially under the seal of this court, and transmit the same with all of the original papers which relate to the defendants F. L. Martin and W. H. Bonner to the clerk of the district court of Angelina county, Tex."

The insurance company appeals from that order, and by proper assignments of error insists that the court erred in sustaining the plea of privilege.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Locke &' Locke, of Dallas, for appellant.

Jones, Sexton, Casey & Jones and Bibb & Caven, all of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] Subdivision 4 of article 1830, R. S., provides that, when there are several defendants residing in different counties, suit may be filed in any county where one of them resides. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963. And in determining whether or not the new parties attempted to be made defendants after original suit is filed fall within the class of necessary or proper parties so as to make applicable the subdivision supra, the pleadings may usually be looked to. Oil Co. v. Robinson, 50 S. W. 1054; Goggan Bros. v. Morrison, 163 S. W. 119; Russell & Co. v. Heitmann & Co., 86 S. W. 75. If such pleadings disclose no cause of action against the new parties, or no proper defense to or protection of the original defendant against the plaintiff's cause of action, or state a cause of action which is entirely disconnected with that set out in the petition of the plaintiff, then such new parties, residents of other counties, cannot be brought into the suit in that county over their objection, which is involved in the plea of privilege. In this case, according to the original petition, the plaintiff has sued for a breach of contract to which he and the insurance company are the only parties. And it does not appear from the answer of the insurance company that the presence of Martin and Bonner is essential to any defense or protection to which the insurance company may be entitled in that suit or controversy. In the cross-bill filed by the insurance company no legal ground is stated why Martin and Bonner should be made parties to the original proceedings. It is not a case where the defendant occupies the attitude of an interpleader. In any view justified by this cross-bill Martin and Bonner were not even proper parties to the original proceeding. Fidelity & Guaranty Co. v. Fossati, 97 Tex. 503, 80 S. W. 74. If they could not properly be joined in that suit if brought in the county in which one or the other of them reside, then for a stronger reason they could not be brought into a distinct suit as is the cross-action, in a county in which neither of them reside. Clearly, then, the appellees Martin and Bonner could not be retained in this suit or cross-action as parties defendant thereto in Harrison county, and consequently the court did not err in so holding. Shaw v. Stinson, 211 S. W. 505.

[2, 3] A further question, though, is as to the disposition or order to be made of such plea of privilege, in view of the statutes and the pleadings in this particular case. The answer of the insurance company to the plaintiff's original petition and this cross-bill against Martin and Bonner on their obliga-tion of the indemnity bond and the prayer for relief was all a part of one paper, and not detachable. Also the cross-bill sought a recovery against Martin and Bonner on their bond conditioned upon a recovery of the plaintiff against the insurance company. The trial court determined, and properly so, that the cross-bill was based upon an independent and separate contract from that declared on in the plaintiff's petition, and was in effect a suit between the insurance company and Martin and Bonner only. Apparently upon the ground that the cross-action was an independent controversy severable from the suit and controversy between the plaintiff Littlejohn and the insurance company, the court transferred "this suit in so far as it applied to F. L. Martin and W. H. Bonner." The plea of privilege of both Martin and Bonner asked the court "not to have or take further action or cognizance of this suit as to him as set out in said answer and cross-bill than to have the same transferred to the county having jurisdiction of the person of this defendant." Some cases seem to direct an order of dismissal of the parties to the cross-action instead of transferring the cross-action. But it is thought that such order has peculiar application to those cases and are not intended to lay down a rule decisive of the point here considered. The following cases go to support the trial court's order as made: McClure v. Pair, 214 S. W. 683; Rutledge v. Evans, 219 S. W. 218.

The statute expressly provides that, if the plea of privilege be sustained, the cause shall not be dismissed, but transferred to the court having jurisdiction of the person of the defendant therein. Article 1832, R. S. Article 1833, R. S., makes it the duty of the clerk of the court to make up a certified transcript of all the orders made in the cause and "transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed." The first article supra is remedial legislation, and is intentionally made restrictive of the power of the court as to disposition to be legally made of the plea of privilege if sustained in providing that "the cause shall not be dismissed." The court is required under the article only to determine whether or not the plea shall be sustained. The granting of a plea of privilege results in itself in having the legal effect under this article of transferring the cause. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. The court is not granted any discretion in that respect of transferring the cause. And it is as well the legal right of the defendant filing the plea to have the cause as to him transferred upon the plea being sustained. Goggan v. Morrison, 163 S. W. 119. As the legal effect attaching to the granting of the plea of privilege is to transfer the cause, the court, in dismissing the cross-action, would be act-

ing not only contrary to the legal effect of his action in sustaining the plea, but to the express prohibition of the article "that the cause shall not be dismissed." The cross-action in the instant case being an entirely independent suit and legally severable from the plaintiff's cause of action, the court was required under the statute, upon sustaining the plea of privilege, to enter the order, as he did, transferring the cross-action only to the proper court. It is true that the succeeding article requires the clerk of the court to transmit "the original papers in the cause," but this is made the subsequent duty on the clerk, and is not a part of or incident to the power of the court in determining the plea. This particular article is, we think, a directory procedure in the method of precedure to be adhered to in the given cases. In order to accomplish the purpose of the statute in requiring the cause to be transferred and not dismissed, if the plea of privilege be granted, the court may require a repleader if the answer and cross-action be so arranged as not to be detachable. Rutledge v. Evans, supra. Even the plaintiff in the transferred case, on whom rests the burden of proper transfer, could ask leave to amend to comply with the order. The "original papers" may then be transferred. But in a given case a good legal reason is not apparent why any substantial method of compliance with the statute in this particular directory method of procedure may not be held sufficient, if necessary to do so, to protect the statutory requirement of transfer of the case being defeated or inoperative. If the cross-action be subject to exception or demurrer, such pleading and action of the court thereon would be determinable in the court to which the cause is transferred. The only question before this court, as was before the trial court, is the precise one of venue as to the person, involved in a plea of privilege, and no other question can be or is considered.

The judgment is affirmed.

HODGES, J. (dissenting). This suit was filed by Littlejohn, as plaintiff, against the insurance company in Harrison county. The petition alleged that the plaintiff resides in Harrison county; that the defendant is a foreign corporation having a local agent upon whom service could be had in Harrison county. We construe the petition as a suit upon a contract entered into between the plaintiff and the defendant, alleging a breach of that contract by the insurance company alone. The amount sued for is claimed as the damages sustained by the plaintiff as the result of that breach. After denying the material facts alleged in the plaintiff's original petition, the insurance company upon other averments sought to have Martin and Bonner, parties to an indemnity bond, made parties defendant in this suit. The prayer for relief

was that, if the plaintiff recovered a judgment against it, the insurance company, that the latter have corresponding judgment over against the defendants Martin and Bonner. This answer was filed apparently before the case was called for trial. The plaintiff interposed no objections to that effort to bring into the case the new parties mentioned. Martin and Bonner after being cited each appeared and filed a separate plea of privilege. Martin alleged that he resided in Jefferson county, and Bonner alleged that he resided in Angelina county. Each claimed the right to be sued in the cross-action of the insurance company in the county in which one of them resided. Each plea was in due form and verified as required by statute. The plaintiff made no reply to those pleas. The insurance company filed a controverting affidavit which alleged that Martin and Bonner were necessary parties to that controversy. As evidence of that fact the pleadings of the plaintiff and the defendant insurance company were referred to. That Martin and Bonner did not reside in the county of Harrison was not disputed. The controverting affidavit repeats, in substance, the facts stated in the cross-bill. It was agreed by the parties interested that the issues raised upon the pleas of privilege and the facts stated in them and the controverting affidavits were true. Upon that agreement as to the facts the court below entered a judgment sustaining the pleas of privilege of Martin and Bonner, and ordered the suit as to them to be transferred to Angelina county. It was further ordered that "the clerk of the court immediately make out a correct transcript of all the orders in that cause, certify thereto officially, and transmit them with all the original papers which relate to the defendants Martin and Bonner to the clerk of the district court of Angelina county."

Under the provision of article 1848 of the Revised Civil Statutes either the plaintiff or the defendant may bring in new parties to the suit at any time before the case is called for trial, upon such terms as the court may direct. Conceding that Martin and Bonner were necessary parties to this suit, they could not be brought into it over their objection. St. L. S. W. Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755; Hickman v. Swain, 106 Tex. 432, 167 S. W. 209; Behrens Drug Co. v. Hamilton et al., 92 Tex. 248, 48 S. W. 5. In this case the original defendant, the insurance company, is a foreign corporation, and was sued in a county where it had an agency, under the provisions of subdivision 24 of article 1830. Had the suit been in the county of the domicile of the insurance company, the situation would have been materially different. To hold a nonresident defendant in a suit of this character, it must be shown that he is a necessary party, and that the suit is pending in the county of the residence of a

codefendant, and not in a county where the latter may be sued under some other exception to article 1830.

It also appears from an inspection of the pleadings filed in this case that Martin and Bonner are not even proper parties to this suit. They are in no way involved in the controversy between the plaintiff and the insurance company. The most that can be said is that the insurance company is claiming a reimbursement from them in the event it is held liable to the plaintiff for the breach of the contract alleged. That is not sufficient. U. S. F. & G. Co. v. Fossati, 97 Tex. 503, 80 S. W. 74. Moreover, the cross-bill, when considered in connection with the plaintiff's original petition, to which it refers, does not state a cause of action in any event against Martin and Bonner. It is clear, therefore, that Martin and Bonner cannot, over their objection, be held in this suit in Harrison county. To that extent I agree with my associates. Holloway v. Blum, 60 Tex. 627. I differ with them only as to the disposition that should be made of Martin and Bonner. Upon the presentation of the pleas of privilege the trial court might have pursued one of two courses —he might have dismissed Martin and Bonner from the suit; or he might have ordered the transfer of the entire case to a county in which one of those defendants resided. It is true the statute provided that, when a plea of privilege is sustained, the defendant shall not be dismissed, but the case shall be transferred to the proper county. That provision was inserted for the benefit of the party interested in having the foreign defendants brought into the pending controversy, in order to save him from the expense and the consequences of a delay in filing another suit. In this case the insurance company is the only party who can complain of a dismissal of Martin and Bonner. In order to claim the benefit of the statutory transfer, that company must present a situation to which the requirements of the statute regulating the procedure of a transfer can be applied. In this instance its cross-action is embraced in the same instrument of pleading which answers the plaintiff's petition. It is therefore impossible to separate them, for the purpose of transfer, without destroying the legal standing and effect of both its original answer and its cross-bill. It has been suggested that in such cases the court may require the parties to replead in order to make a compliance with the statute practicable. Rutledge v. Evans, 219 S. W. 218. But, if the parties should refuse to obey the order to replead, the court could only order a dismissal of those not properly joined in the suit. What he might do after such a refusal he had the power to do before. The insurance company could not, by thus blending its pleadings so as to make a compliance with the statute impracticable, prejudice the right of Martin and Bonner to be released from the suit in Harrison county. While the plea of privilege is not, strictly speaking, one raising the objection of misjoinder of defendants, it is nevertheless a legal objection to the exercise of the jurisdiction of the court over the person of those filing the plea, and is such a protest as may challenge the court's attention. Under the provisions of article 1848 the bringing in of new parties defendant is, to some extent, within the descretion of the court. Rush v. Bishop, 60 Tex. 177; Coleman v. Garvin, 158 S. W. 185. He may exercise that discretion in eliminating parties improperly brought into the case when his attention has been called to the matter in some legal manner. There is authority for holding that dismissal under such circumstances is proper. Ft. Worth H. & M. Co. v. Smith et al., 149 S. W. 200. But if the parties mentioned could not have been legally dismissed from the suit, then the court should have transferred the entire cause, which is clearly the procedure contemplated when a transfer is to be made. This in fact is but one "cause." If the plaintiff in the cause failed to recover a judgment, all of the defendants would be discharged. The court had no right to divide it and make two "causes." The plaintiff alone could object to the transfer of the entire cause to another county. He has interposed none in this case. But, even if he had, it would have been unavailable. Had he filed the suit against all of the parties in Harrison county, either Martin or Bonner could have had it removed for the reasons stated in the first group of cases cited. He cannot evade that right by permitting their retention in the suit when he might upon objection have had them dismissed. His failure to object is, in effect, an acquiescence in the attempt of the insurance company to make them parties.

My conclusion is this: The "cause" is one and inseparable; the court has no authority to divide it and make two "causes." Martin and Bonner cannot over their objection be held in Harrison county. Their right to be eliminated from the suit in that county cannot be prejudiced or defeated by either the plaintiff or the defendant.

I conclude that this judgment should be reversed, and the cause remanded, with directions to either dismiss Martin and Bonner from the suit, or transfer the entire case to another county. If this is not done, it will be interesting to know how the clerk of the trial court can comply with the order that has been there made.