## NATIONAL UNION FIRE INS. CO. v. LITTLEJOHN. (No. 2670.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 2, 1923. Rehearing Denied
Feb. 8, 1923.)

Abatement and revival ☞6—Pendency of insurance company's suit for amount owing by former agent held not ground for abatement of latter's successor's suit to recover such amount paid by him for permission to represent the company.

Pendency of a suit by an insurance company against a former agent and his surety to recover an amount owing it from him *held* not a ground for abatement of a prior suit against the company by his successor to recover such amount as damages for breach of a contract to permit him to continue to represent the company, on the same terms as in its contract with such former agent, in consideration of his paying the amount of the latter's debt.

Error from District Court, Harrison County; P. O. Beard, Judge.

Action by E. P. Littlejohn against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke and Paul Carrington, all of Dallas, for plaintiff in error.

Bibb & Caven, of Marshall, for defendant in error.

HODGES, J. This is the second appeal in this case. See Insurance Co. v. Littlejohn (Tex. Civ. App.) 228 S. W. 595. The plea of privilege alone was involved in the former appeal.

The evidence shows that prior to January, 1918, F. L. Martin owned and conducted what was known as the "Lufkin Insurance Agency" at Lufkin, Tex. Among other companies represented by Martin was the plaintiff in error. On or about the date above mentioned Littlejohn, the defendant in error, purchased the agency from Martin, agreeing to pay the sum of $5,000, most if not all of which was due by Martin to the various companies which he had represented. Littlejohn alleges, and so testified, that he paid the $5,000 according to his agreement with Martin, and more too; that after he had paid that sum plaintiff in error claimed an indebtedness against Martin amounting to the sum of $2,197.27. Desiring to continue to represent the plaintiff in error in writing insurance, Littlejohn says he agreed to and did pay the amount of that debt, with the understanding and agreement that he would be permitted to continue to represent the plaintiff in error in writing insurance upon the same terms as in the original contract between the plaintiff in error and Martin. He further alleged and proved that, after he made this payment, the plaintiff in error refused to carry out its contract to continue its agency with him. He instituted this suit for the purpose of recovering the amount paid by him as damages for the breach of the alleged contract. ·

After a general denial, the plaintiff in error answered admitting that Littlejohn had paid it $2,197.27, as alleged by him, but that such payment was in pursuance of a contract between Littlejohn and Martin and was a part of the consideration which Littlejohn agreed to pay Martin for the transfer of the agency at Lufkin. In addition to this, the plaintiff in error by appropriate pleading made Martin and his bondsman, Bonner, parties defendant, and asked for a judgment over against them in the event the plaintiff in the suit recovered.

In compliance with the order sustaining the plea of privilege filed by Martin and Bonner, which was involved in the former appeal, that branch of the case relating to the controversy between the plaintiff in error and Martin and Bonner was transferred to Angelina county and is still pending. Subsequent to the transfer, the plaintiff in error by an amended pleading made Littlejohn a party to that suit, in an effort to require him to there set up the same claim which he urges in this suit.

In the trial of this case below only Littlejohn and the insurance company were parties. The court heard the case upon its merits, and rendered a judgment in favor of Littlejohn for the amount sued for. The only additional defense urged upon this trial was a plea in abatement asking that further proceedings in this case be postponed until the suit pending in Angelina county could be determined. That plea was overruled, and that ruling is the principal ground relied on for a reversal of the judgment.

It was decided on the former appeal that

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(247 S. W.)

Martin and Bonner were not even proper parties to this suit; that the controversy between Littlejohn and the plaintiff in error and that between the plaintiff in error and Martin and Bonner were two separate and distinct controversies; and it was upon that ground that the other branch of the suit was ordered transferred to the county of the domicile of Martin and Bonner.

In the argument attacking the ruling of the court it is contended that it was more convenient for the plaintiff in error to have all of the matters in controversy involved in the entire transaction adjudicated in that one suit. It is not claimed in the brief of the plaintiff in error that the trial of this case first would deprive it of any defense against Littlejohn, or of any ground of recovery it might have in an independent suit against Martin and Bonner. The record shows that Littlejohn filed this suit first; that the connection of Martin and Bonner arose subsequently and at the instance of the plaintiff in error. There does not appear any good reason why this suit, the first filed, should be delayed for the settlement of a subsequent controversy. Littlejohn filed only one suit. His right to recover depends upon the truth of the facts which he alleged, that he had paid the sum of money to the plaintiff in error in consideration of an agreement that he was to have the agency of the plaintiff in error at Lufkin, and that the plaintiff in error refused to carry out that contract. In the trial below he proved to the satisfaction of the court those facts, and it is not now contended that the evidence was not sufficient to support that finding of fact.

We are of the opinion that the court correctly overruled the plea in abatement, and the judgment is affirmed.