## NATIONAL UNION FIRE INS. CO. v. MARTIN et al. (No. 1147.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 5, 1924. Rehearing Denied Dec. 17, 1924.)

Payment ⚛═52—Satisfied claim of insurance company against its agent held not revived by recovery against company in action by agent's successor for breach of contract.

Where insurance company and purchaser of agency entered into a settlement whereby purchaser paid amount owing company from former agent in return for permission to represent company, and thereafter, upon cancellation by company of contract of agency, purchaser sued for breach of contract, recovering as damages amount paid by him to company, *held* that such recovery did not revive obligation of former agent to company, nor was company stakeholder between original agent and his successor; they not claiming any fund adversely to each other.

Error from District Court, Angelina County; L. D. Guinn, Judge.

Action by the National Union Fire Insurance Company against F. L. Martin and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

Mantooth & Denman, of Lufkin, and Bibb & Caven, of Marshall, for defendants in error.

WALKER, J. This is an appeal by way of writ of error. Plaintiff in error will be referred to as appellant, and defendants in error as appellees. The facts of this case have been reviewed on two other appeals. See National Union Fire Insurance Co. v. Littlejohn (Tex. Civ. App.) 228 S. W. 595; 247 S. W. 646. We refer to the report of those appeals for an additional statement of the facts of this case and the issues therein involved. For a disposition of this case it is sufficient to say that F. L. Martin was the local agent for appellant in Lufkin on December 31, 1917, and had been for many years prior thereto. E. P. Littlejohn was in charge as manager of Martin's business, writing fire insurance policies and collecting premiums therefor. Appellant was one of the companies represented by Martin, and on the date named Martin owed appellant $2,197.27, secured by a good and solvent bond. On that date, by verbal sale, Martin sold and transferred his Lufkin agency to Littlejohn on the consideration, as he claimed, that Littlejohn would pay the insurance companies represented by him all sums of money owed by him to them in connection with his agency. As Martin had delivered his agency to Littlejohn, appellant called on Littlejohn to settle the Martin account, which at first Littlejohn

refused to do, claiming that he was to pay Martin only $5,000, and had already paid out that sum to other insurance companies. But, quoting from the appellant's brief:

"After some discussion between Littlejohn and Belfield (Belfield represented appellant in the negotiations), it was agreed between them that Littlejohn should pay to the National Union Fire Insurance Company the sum of $2,-197.27, and that he, Littlejohn, would be permitted to represent the National Union Fire Insurance Company as its agent at Lufkin in writing insurance."

Again, speaking of the effect of this settlement, appellant says:

"It is undisputed that on or about March 25, 1918, E. P. Littlejohn paid to the National Union Fire Insurance Company the sum of $2,-197.27, with the understanding that this sum of money was to be applied by the company in payment of the indebtedness of Martin to the company."

A short while after this settlement was made, and after Littlejohn had entered upon the discharge of his duties as agent for appellant, and had written some business for appellant, but without default on his part, appellant canceled its contract with Littlejohn, took up all its office supplies from him, and refused to permit him to be its local agent. When the company agreed with Littlejohn to make him its agent at Lufkin, there was no definite period fixed for the duration of the agency. Afterwards, Littlejohn instituted suit against the appellant in the district court of Harrison county for damages for breach of his contract. Appellant answered this petition by certain special pleas and by making Martin and his bondsman parties thereto. Martin and his bondsman answered by a plea of privilege, which was sustained, and the case as to them transferred to Angelina county, and the judgment of the district court thereon was affirmed on appeal. The case as between Littlejohn and appellant proceeded to trial, and resulted in a judgment in Littlejohn's favor for the amount sued for, to wit, $2,197.27.

Concerning Littlejohn's pleadings in that case appellant says:

"The pleadings of Littlejohn in that case set forth facts showing that there was a contract between him and the company, whereby the company agreed to make him its agent at Lufkin, and that Littlejohn paid $2,197.27 to the company in consideration of that agreement. The pleadings of Littlejohn also allege a breach of that contract, and there was a prayer for general relief. Evidence was adduced by Littlejohn in support of all his allegations."

The Texarkana court, construing Littlejohn's petition and appellant's answer in that case and the judgment rendered thereon, said in the first appeal ([Tex. Civ. App.] 228 S. W. 595):

---

⚛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 18, 1925.

"The petition, properly construed, is one which sets up a contract entered into between the plaintiff and the defendant, and alleges a breach of that particular contract by the defendant. The amount sued for is alleged to be the damages sustained by the plaintiff as a result of that breach. * * * In this case, according to the original petition, the plaintiff has sued for a breach of contract to which he and the insurance company are the only parties. And it does not appear from the answer of the insurance company that the presence of Martin and Bonner is essential to any defense or protection to which the insurance company may be entitled in that suit or controversy. In the cross-bill filed by the insurance company, no legal ground is stated why Martin and Bonner should be made parties to the original proceedings. It is not a case where the defendant occupies the attitude of an interpleader. In any view justified by this cross-bill Martin and Bonner were not even proper parties to the original proceeding,"

—and again in the second appeal ([Tex. Civ. App.] 247 S. W. 646):

"The evidence shows that prior to January, 1918, F. L. Martin owned and conducted what was known as the 'Lufkin Insurance Agency' at Lufkin, Tex. Among other companies represented by Martin was the plaintiff in error. On or about the date above mentioned Littlejohn, the defendant in error, purchased the agency from Martin, agreeing to pay the sum of $5,000, most if not all of which was due by Martin to the various companies which he had represented. Littlejohn alleges, and so testified, that he paid the $5,000 according to his agreement with Martin, and more too; that after he had paid that sum plaintiff in error claimed an indebtedness against Martin amounting to the sum of $2,197.27. Desiring to continue to represent the plaintiff in error in writing insurance, Littlejohn says he agreed to and did pay the amount of that debt, with the understanding and agreement that he would be permitted to continue to represent the plaintiff in error in writing insurance upon the same terms as in the original contract between the plaintiff in error and Martin. He further alleged and proved that, after he made this payment, the plaintiff in error refused to carry out its, contract to continue its agency with him. He instituted this suit for the purpose of recovering the amount paid by him as damages for the breach of the alleged contract."

After Littlejohn's case against appellant had been tried, he moved back to Angelina county, and appellant then made him a party to the transferred suit as between it and Martin and his bondsman, and a temporary injunction was issued on appellant's prayer restraining Littlejohn from collecting his Harrison county judgment. As against Littlejohn appellant raised the same issues that had been litigated in Harrison county, and pleaded that it was only a stakeholder as between Littlejohn and Martin, and that Littlejohn and Martin be required to litigate the issues as between them, and that it be protected in its payment to the successful litigant. It also renewed its demand as against Martin and his bondsman. As to the issues raised by appellees, it is sufficient to say that Littlejohn pleaded res adjudicata, and that Martin and his bondsman pleaded satisfaction by reason of the payment made for their account by Littlejohn. The case as thus pleaded was tried to the court without a jury, and judgment was rendered that the defendants go hence and appellant recover nothing. The case is before us on proper assignments and propositions, but without separate conclusions of fact and law.

Appellant's first proposition is not determinative of the case, and it is manifest that the court did not render judgment in favor of appellees on the issue presented by that proposition. The remaining propositions are as follows: ·

"When Littlejohn recovered judgment against the National Union Fire Insurance Company · for $2,197.27, the exact amount which he had· turned over to that company to be applied in payment of the indebtedness of Martin to the company, the indebtedness of Martin to the company remained unpaid, and Martin and his bondsman are now liable to the company by reason of that indebtedness.

"It being undisputed that there was an in-indebtedness owing by Martin to the National Union Fire Insurance Company on December 31, 1917, and that Littlejohn turned over to that company the sum of $2,197.27 to be applied in payment of the indebtedness, and the only real dispute in this case involving the question whether Martin is entitled to the benefit of this money in having it applied to discharge his indebtedness to the company or whether Littlejohn is entitled to recover it for his own benefit, which is essentially a dispute between Martin and Littlejohn, in which the insurance company is not interested, the insurance company occupies a position similar to that of a stakeholder in the controversy between Martin and Littlejohn, and is entitled to maintain this action against both of them, so that no loss may fall upon it."

### Opinion.

It is clear from the opinion of the Texarkana court, and from the statement made by appellant, that Littlejohn's cause of action against appellant in Harrison county sounded in damages for breach of contract. Littlejohn pleaded as a measure of his damages the amount of money paid by him for the right to represent appellant. The proposition is now advanced that the Texarkana court did not properly construe Littlejohn's cause of action and the relief granted him, for the reason, appellant. insists, that the measure of damages for breach of contract is the loss sustained by reason of its breach and not the amount paid as a consideration for ·its covenants, and therefore Littlejohn's cause of action was merely for a return of the consideration and not for damages. Appellant says that it did no wrong in terminating the contract, because it was at will, and either party could terminate it without incurring a liability for damages as for breach,

citing Moore v. Security Trust & Life Insurance Co., 168 F. 496, 93 C. C. A. 652; Evans v. Gay (Tex. Civ. App.) 74 S. W. 575; Black on Rescission and Cancellation, vol. 2, § 335. Appellant concedes that Littlejohn did have a cause of action for the consideration paid. It is the contention of appellant, as we understand it, that the effect of the Harrison county judgment was, not to affirm the contract between appellant and Littlejohn and to award damages for its breach, but to rescind that contract and to restore to Littlejohn the consideration paid, and that the effect of the judgment, in addition to awarding Littlejohn his recovery, was to restore all parties to the same position in relation to each other, occupied by them prior to the payment by Littlejohn of the Martin indebtedness. We do not agree with appellant's contention, but accept the construction placed upon the Harrison county litigation by the Texarkana Court of Civil Appeals. Appellant conceded that, as made, the contract between it and Littlejohn extinguished its claim against Martin. It has been convicted of a breach of that contract, and has been cast in damages for the breach. Having accepted satisfaction of its claim against Martin, by which Martin was released, it cannot, by its own wrong, revive that obligation.

Appellant was in no sense a stakeholder between Martin and Littlejohn. There was no fund claimed by them adversely. Martin's position was that he had made a contract for the benefit of appellant, which it had accepted on terms satisfactory to itself. This, on the admission of appellant, forever extinguished its claim against Martin. Whatever may be the proper construction of the judgment rendered in the district court of Harrison county, and of the opinions of the Court of Civil Appeals at Texarkana, appellant stands convicted of a willful wrong, without default on the part of Martin or Littlejohn. Having accepted full benefit of the contract made for it by Martin, by the terms of which it was awarded full and complete satisfaction, it would be an extraordinary proposition that granted it the right to rescind that contract by its own wrongful act, and thereby revive its extinguished claim against an innocent party.

Appellant's entire case in this court rests on its proposition that it was a stakeholder. We construe the opinion in 228 S. W. 595, as a direct holding against appellant's proposition. It is there said:

"It is not a case where the defendant [referring to appellant] occupies the attitude of an interpleader."

Again, Judge Hodges, who wrote a concurring opinion on that point, said:

"Moreover, the cross-bill [referring to appellant's plea over against Martin], when considered in connection with the plaintiff's original petition, to which it refers, does not state a cause of action in any event against Martin and Bonner."

We believe Judge Hodges correctly construed appellant's pleadings in this case, and that its action against Martin and his bondsman was subject to a general demurrer, because it appeared from the face of the pleadings that no cause of action existed against them.

Both on the law and on the facts the judgment of the trial court in favor of appellees should be affirmed, and it is accordingly so ordered.

Affirmed.